IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GUNTHER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>CAPITAL ONE, N.A. d/b/a CAPITAL ONE BANK and CAPITAL ONE FINANCIAL CORPORATION,<br><br>       Defendants. | No. 09-2966-ADS-AKT<br><br>Arthur D. Spatt, USDJ<br>A. Kathleen Tomlinson, USMJ |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
CAPITAL ONE FINANCIAL CORPORATION'S MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................1

III. ARGUMENT ..........................................................................................................................3

    A. Standard of Review ........................................................................................................3

    B. Plaintiff Has Alleged That COF Is Liable For Its Own Conduct ............................4

        1. COF Controlled, Participated In and Profited From the Improper Conduct ..................................................................................................................7

        2. CONA Shares Nearly All Officers and Directors With COF .......................8

IV. CONCLUSION .....................................................................................................................10

## I.  INTRODUCTION

Plaintiff, Eric Gunther, respectfully submits this Memorandum of Law and the supporting Declaration of Joseph S. Tusa ("Tusa Decl.") in opposition to the Motion to Dismiss (the "Motion") Plaintiff's Complaint (the "Complaint") filed by defendant Capital One Financial Corporation ("COF," "Capital One" or "Defendant") [Docket Nos. 10 and 11]. For the reasons set forth herein, Plaintiff has stated a claim against COF and its motion to dismiss should be denied.

## II.  STATEMENT OF FACTS

Plaintiff hereby incorporates by reference the detailed statement of facts contained in the Memorandum of Law in Opposition to Capital One, N.A.'s Motion to Dismiss Class Action Complaint for Failure to State a Claim and provides the Court these additional facts necessary to address COF's separate arguments.

Plaintiff brings this action individually and on behalf of all others similarly situated, against COF and Capital One, N.A. ("CONA") d/b/a Capital One Bank (COF and CONA are collectively referred to as "Defendants") arising out of Defendants' improper conduct surrounding the charge of certain miscellaneous account fees including Not-Sufficient Funds ("NSF") / Overdraft / Uncollected Fees. Complaint ¶¶ 4-5. The Complaint alleges that on numerous occasions, Defendants, without proper notice, charged Plaintiff's account NSF fees in the amount of $35.00 for each occurrence. Complaint ¶¶ 5, 29. Additionally, Plaintiff alleges that he was improperly charged numerous Foreign ATM Fees in the amount of $1.50 for each occurrence. Complaint ¶¶ 6, 16, 31. Plaintiff further alleges that such NSF Fees and Foreign ATM Fees were new or increased account fees to which no notice was provided to Plaintiff and other Class Members. Plaintiff further alleges that he has been improperly assessed and charged

1

monthly Undeliverable Mail Fees, each in the amount of $15, for statements mailed by Defendants that were received by Plaintiff and thus were not "undeliverable."  Complaint ¶¶ 8, 16, 33-36.

Plaintiff alleges that Defendants jointly imposed of all of the above-described fees and charges were in breach of Plaintiff's deposit agreement with CONA, constituted false, deceptive, misleading conduct in violation of the New York, New Jersey and Connecticut consumer protection statutes, violated the mandatory notice, disclosure and contract provisions required by the Truth in Savings Act ("TISA"), 12 U.S.C. §4301 *et seq*. and unjustly enriched Defendants, including COF.  Complaint ¶¶ 7, 10-11.

In support of his claim, Plaintiff alleges that COF and CONA unfairly and deceptively, through their marketing and promotional materials concerning the re-branding of Plaintiff's account with his prior bank, North Fork Bank, made specific representations regarding the fees and charges that would be associated with the new COF account.  Complaint ¶¶ 24-28.  Plaintiff alleges that COF and CONA misrepresented and/or failed to disclose the truth about the NSF Fees, Foreign ATM Fees and the Undeliverable Mail Fees that were charged to Plaintiff and other Class Members.  Complaint ¶ 26.  Plaintiff alleges that COF and CONA failed to provide the proper notification under TISA of the changes to the fees improperly charged to Plaintiff. Complaint ¶ 32.

Plaintiff alleges that COF is directly involved in the establishment of the improper fees charged to Plaintiff and is liable for the injuries to Plaintiff.  Complaint ¶ 7.  Plaintiff further alleges COF controls and operates its banking business through its local banking subsidiaries such as CONA.  Complaint ¶ 17.  Plaintiff also alleges that COF not only owns, but controls CONA; CONA's operating results are reported by COF; and COF and CONA simultaneously

2

share the same officers and directors. Complaint ¶¶ 69-79. Plaintiff further alleges that COF receives the direct benefits from the fees and charges at issue. Plaintiff set forth the facts from COF's 2007 and 2008 Form 10-Ks which included fees and other "Service Charges," from its local banking subsidiaries, including the fees charged to Plaintiff and other class members, collected by Capital One's subsidiaries including CONA. Complaint ¶¶ 67-68. Plaintiff alleges that the conduct as alleged in the Complaint supports COF's inclusion in the case and validly states claims against COF.

### III.     ARGUMENT

#### A.     Standard of Review

On a motion to dismiss, courts "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.) *cert. denied* 124 S. Ct. 153 (2003) (internal citation omitted). "In considering a Rule 12(b)(6) motion to dismiss, '[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims.'" *Lamothe v. Town of Oyster Bay*, 2009 U.S. Dist. LEXIS 59402, *6-7 (E.D.N.Y. July 10, 2009) (Spatt, J.) (*quoting Palkovic v. Johnson*, 281 Fed. Appx. 63, 66 (2d Cir. 2008) (*citing Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005)). Further, a "Court must limit its considerations to those facts stated in the complaint, documents that were integral to the claims in the complaint and that the plaintiff relied upon in drafting the pleading, documents attached to the complaint as exhibits, and documents of which the Court may take judicial notice." *Lamothe*, 2009 U.S. Dist. LEXIS 59402 at *7 (*citing Faulkner v. Beer*, 463 F.3d 130, 134-35 (2d Cir. 2006)).

Following the Supreme Court's decisions in *Ascroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), this Court is still required to accept the

allegations of the complaint as true and draw all factual inferences in the plaintiff's favor. *City of New York v. Beretta U.S.A. Corp.,* 524 F.3d 384, 392 (2d Cir. 2008), *cert. denied,* -- U.S. --, 129 S. Ct. 1579 (2009). *See also Holmes v. Poskanzer,* 2009 U.S. App. LEXIS 15976 (2d Cir. July 21, 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at *3 (*quoting Iqbal, quoting Twombly*).

A review of the Complaint clearly establishes that Plaintiff has pled sufficient facts, consistent with Federal Rule of Civil Procedure 8, to state a plausible claim for relief against Capital One. Therefore, Defendant's Motion to dismiss must be denied.

### B. Plaintiff Has Alleged That COF Is Liable For Its Own Conduct

COF seeks dismissal of Plaintiff's Complaint arguing that he has not stated a claim of direct liability against COF. COF, in moving to dismiss, ignores the well-pled allegations of the Complaint as well as case law which directly refutes their argument.

Indeed, in arguing that it is not directly liable for any of the improper fees and charges disputed by Plaintiff, COF argues that the Complaint does not plausibly allege that COF did anything against Plaintiff. *See* COF's Br. at 4 ("Plaintiff seeks to hold Capital One Financial liable only by virtue of Capital One Financial's ownership of Capital One N.A."). Plaintiff alleges that COF is directly liable for its own actions. The Complaint specifically alleges that COF engaged in the unfair and deceptive practices and that Capital One is directly liable for ***its own actions.*** In fact, the Complaint alleges in virtually every paragraph that both COF and CONA are liable for the wrongful conduct alleged therein. See, generally, Complaint ¶¶ 3-4, 7-8, 17-18, 19-30, 33, 67-79.

In fact, last week in *Cassese v. Washington Mutual, Inc.,* Case No. 2:05-cv-02724-ADS-ARL (E.D.N.Y. September 30, 2009) [Docket No. 257], this Court, in considering the very same argument raised by COF, in the context of certifying a class of consumers against Washington

4

Mutual, Inc., a bank holding company, held that the allegations of the complaint concerning the relationship between the parent corporation and its subsidiary banking entities were sufficient to maintain a class against the parent:

> Here, the plaintiffs have alleged both direct control of WMB [Washington Mutual Bank] by WMI with respect to lending and loan servicing activities, and injury arising from WMI's conduct. The plaintiffs have alleged that the two companies share common management who control the day to day operations of WMB. In addition, the plaintiffs[] point out that WMI's financial statements include earnings derived from the lending and servicing activities of WMB. Accordingly, the Court finds that the plaintiffs' class claims properly include WMI.

*Id.* at 14-15.  (citations omitted).

In *Schneider v. Citicorp Mortgage, Inc.*, 982 F. Supp. 897, 903 (E.D.N.Y. 1997), this Court denied a motion to dismiss the parent holding company from the complaint finding that the allegations that both the parent and the subsidiary were directly involved in the alleged improper conduct were sufficient to state a claim against the parent. In so holding, the court stated "[o]n the face of the complaint, however, plaintiffs accuse both Citicorp and [subsidiary Citicorp Mortgage, Inc.] of direct participation in activity that violates RESPA. There is therefore no need at this juncture to address the alter ego theory that defendants attribute to plaintiffs." *Id.* See *Kruse v. Wells Fargo Home Mortg., Inc.,* 383 F.3d 49, 52 (2d Cir. 2004)(reinstating RESPA claims against contractual mortgagee and its parent and sister companies).

The Northern District of California has previously considered and rejected this same argument by COF. In *Van Slyke v. Capital One Bank*, 503 F. Supp.2d 1353, 1369 (N.D. Cal. 2007), the Court denied COF's motion to dismiss claims against it arguing that the Plaintiff had failed to state a claim against it because it had only pled vicarious liability claims against it and that such allegations were insufficient as all of the plaintiff's dealings were with CONA and thus could not state a claim against COF. *Id.* In rejecting Defendant's arguments, the court stated:

5

> Plaintiffs [] have pleaded that Capital One Financial was directly responsible for the credit card policies. Their allegations do not rest on a theory of agency or vicarious liability as defendants contend. Defendants' argument that all credit card contracts were with Capital One Bank are unavailing as well.

*Id.* at 1369. Notably, the court also found that the plaintiffs' allegations were sufficient under *Twombly* to state a claim against COF. *Id.* Thus, like the holdings in *Cassese, Schneider, Kruse* and *Van Slyke,* this Court should deny Defendant's motion to dismiss.

Moreover, the cases relied upon by COF are simply inapplicable. *See* COF's Br. at 4-6. In *H.S.W. Ent., Inc. v. Woo Lae Oak, Inc.*, 171 F. Supp.2d 135, 145-46 (S.D.N.Y. 2001), the court was asked to determine whether the defendant's declaratory judgment claim based on conspiracy allegations were sufficient to pierce the corporate veil under Virginia law. The court previously noted that no agency relationship had been established for the purpose of establishing long arm jurisdiction and held that the alleged conspiracy did not amount to a conspiracy to commit any wrongdoing. *See Perpetual Real Estate Servs., Inc. v. Michaelson Properties, Inc.,* 974 F.2d 545, 548 (4th Cir. 1992)(stating general standards for veil-piercing under Virginia law.) In *Volkswagonwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117 (2d Cir. 1984), the Second Circuit reversed the district court's dismissal of the parent corporation, finding that the factors including whether the parent and subsidiary had common executive officers and directors and the financial support were sufficient to establish in personam jurisdiction over parent corporation. *Id.* at 122-23. Likewise, Defendant's other cases are inapplicable. *See DePaoli v. Vacation Sales Assoc., LLC,* 425 F. Supp.2d 709, 715-16 (E.D. Va. 2005) (granting summary judgment where the plaintiff did not plead sufficient facts to establish alter ego liability); *Richfood, Inc. v. Jennings,* 499 S.E.2d 272, 276 (Va. 1998) (mere status as subsidiary did not establish liability against a non-party to an agreement).

To the contrary, Plaintiff alleges that COF was directly involved in the policies and procedures to charge and benefit from the improper fees charged to Plaintiff. COF and CONA clearly share the same officers and directors, thus making it virtually impossible to distinguish the conduct these individuals and the companies they manage (COF and CONA) with respect to the fees and charges assessed to Plaintiff. *See* Complaint ¶¶ 71-79. Plaintiff also alleges that COF not only owns, but controls CONA and that CONA's and the other banking subsidiaries' operating results are reported by COF. Complaint ¶¶ 67-68.

Moreover, COF's own statements to the federal banking regulators concerning Regulation DD demonstrate that COF is actually making the decisions concerning its banking subsidiaries and operations. Specifically, on July 18, 2008 and March 30, 2009, COF, on behalf of itself and its subsidiaries including CONA, submitted formal comments and guidance to the Federal Reserve System, Office of Thrift Supervision and National Credit Union Administration regarding amendments to Regulation DD dealing with overdraft rules as well as Regulation E regarding overdraft fee disclosures. *See* July 18, 2008 and March 30, 2009 Letters from Minh-Due T. Le, Capital One Financial Corporation (Tusa Decl. Exs. 4 and 5). These comments stated COF's position on its operations under Regulations DD and EE and confirm its policies on charging overdraft fees.

Thus, it is clear that the Complaint alleges that COF is directly liable for the alleged wrongful conduct and puts it on notice of the claims asserted by Plaintiff, satisfying Rule 8 of the Federal Rules of Civil Procedure. Since COF has been informed of the nature of the claims against it, that such claims are sufficiently pled and are plausible, Plaintiff respectfully requests that the Defendant's motion to dismiss be denied.

    **1.**    **COF Controlled, Participated In and Profited From the Improper Conduct**

In addition to the allegations which set forth that COF, along with CONA, established the improper fees that directly damaged Plaintiff, further support for COF's direct liability is evidenced by its receipt and benefit from the fees and charges at issue. Specifically, COF reported in its 2007 Form 10-K net income exceeding $1.5 billion and included in the category of net income "Service Charges" collected by Capital One's subsidiaries including CONA. Complaint ¶ 67. The Complaint alleges that COF's 2007 Form 10-K states that its local banking subsidiaries contributed $574.2 million to COF Net Income which included service charges and other customer-related fees complained of herein. *Id.*

Additionally, the Complaint alleges that COF's 2008 Form 10-K specifically acknowledged an increase in "Service charges and other consumer related fees" collected by Capital One's to $2.232 billion, and that its local banking subsidiaries contributed $224.6 million to COF's net income. Complaint ¶ 68. While COF argues that GAAP requires it to include such financial results and thus is not supportive of COF's control over CONA, this Court has found similar facts to be sufficient to maintain a claim and certify a class against parent bank holding company Washington Mutual, Inc. *Compare* COF's Br. at 5, *Cassese v. Washington Mut., Inc.*, No. 05cv2724, slip op. at 14-15 (E.D.N.Y. Sept. 30, 2009).

### 2. CONA Shares Nearly All Officers and Directors With COF

COF correctly recognizes that Plaintiff is not alleging that COF is liable through a veil-piercing claim, however, it cannot refute the fact that COF can be held liable for the actions of CONA given its domination and control of the wholly-owned subsidiary. Indeed, the very same officers and directors run both corporations at the highest levels of management. Specifically, as alleged in the Complaint:

> Capital One Financial's primary business is the operation and control of CONA and another wholly-owned subsidiary that offers credit and debit card products. According to its Form 10-K for the year ended December 31, 2008: "Capital One

8

> is one of the largest banks in the United States.  We are a diversified banking corporation focused primarily on consumer and commercial lending and deposit origination."  Capital One Financial controls and operates its deposit banking business through its "Local Banking" segment, comprised substantially of the North Fork Bank and Superior Bank branches acquired by Capital One Financial and merged into CONA.

Complaint ¶ 17.

The Complaint further alleges that the number of overlapping executives between COF and CONA demonstrate that COF directly controls CONA and thus is directly liable for its improper conduct.  Indeed, such overlap would make it virtually impossible to distinguish the work these individuals do for COF as opposed to CONA.  Additionally, the Complaint alleges that in the 2007 and 2008 Form 10-Ks, COF lists CONA as one of its two primary subsidiaries.  Those Form 10-Ks concede that COF not only owns, but controls, its CONA subsidiary.  Moreover, the Complaint alleges that CONA's operating results are reported by COF in its financial statements and that a number of executives of COF are simultaneous executives of CONA.  Complaint ¶¶ 69-79.

There is a difference between allegations which establish direct liability, independent of any vicarious liability, and allegations which establish liability vicariously through an agency or employment relationship between the defendants. *See Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1145 (N.D. Cal. 2003) ("A principal [for example] may be directly liable, however, for the acts of its agents that it authorizes or ratifies.").  *See also* Restatement of the Law (Second) Agency, §§ 212, 218.

Thus, Plaintiff has not merely alleged that COF is liable for simply being the parent of CONA.  Thus, under relevant case law, COF can be held responsible for directing and controlling CONA's improper actions, separate and apart from its own improper conduct.

9

## IV. CONCLUSION

Here, there is no question that Plaintiff has properly alleged and pleaded direct liability based on the conduct of COF, as well as its liability for CONA's actions. Therefore, for the reasons set forth herein, Plaintiff respectfully requests that COF's Motion to Dismiss be denied.

DATED: October 6, 2009                    Respectfully submitted,

**WHALEN & TUSA, P.C.**

 /s/ Joseph S. Tusa
Joseph S. Tusa (JT 9390)
Paul C. Whalen (PW 1300)
33 West 19th Street, 4th Floor
New York, NY 10011
Tel. (212) 400-7100
Fax. (212) 658-9685

**SCOTT+SCOTT LLP**
Joseph P. Guglielmo (JG 2447)
29 West 57th Street
New York, NY 10019
Tel. (212) 223-6444
Fax. (212) 223-6334

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     Joseph S. Tusa, a member in good standing of the bar of this Court and counsel for Plaintiff in this action, certifies that on October 6, 2009, the foregoing *Plaintiff's Memorandum of Law in Opposition to Defendant Capital One Financial Corporation's Motion to Dismiss* was filed via the Court's CM/ECF electronic filing system, and served thereby on all parties registered for ECF notice, as well as via Regular U.S. Mail on all those not receiving electronic notice.

                                                  /s/ Joseph S. Tusa
                                                  Joseph S. Tusa (JT 9390)
                                                  Paul C. Whalen (PW 1300)
                                                  33 West 19th Street, 4th Floor
                                                  New York, NY 10011

                                                  *Attorneys for Plaintiff*