UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIC GUNTHER, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

CAPITAL ONE, N.A., d/b/a CAPITAL ONE BANK and CAPITAL ONE FINANCIAL CORPORATION,

Defendants.

No. 09-2966-ADS-AKT

**CAPITAL ONE, N.A'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000

Attorneys for Defendant
Capital One, N.A.

**Table of Contents**

A. Plaintiff's breach of contract claims should be dismissed. ....1

1. TISA's terms are not incorporated into Plaintiff's contract. ....1

2. Plaintiff's allusion to "misleading statements" does not plead a breach of contract. ....4

3. Plaintiff has not responded to CONA's showing that he has misinterpreted 12 U.S.C. § 4305(e). ....4

4. CONA did not breach the contract by charging overdraft and not-sufficient-funds fees. ....5

5. Plaintiff's claim for breach of good faith and fair dealing should be dismissed. ....6

B. Plaintiff's GBL § 349 claim should be dismissed because he does not allege an injury caused by a deceptive act or unfair practice in New York. ....7

C. Plaintiff's status as a proposed class representative does not excuse his failure to state a claim under CUTPA. ....8

D. Plaintiff's unjust enrichment claim must be dismissed because the parties do not dispute the validity of their contract. ....9

Conclusion ....10

Plaintiff complains that Capital One, N.A.'s motion does not dispute "any of the conduct" alleged in his Complaint. Pl. Mem. at 1 (emphasis in original). But a motion to dismiss is not the occasion to show the falsity of Plaintiff's allegations; that opportunity will come only if Plaintiff's claims survive the present motion. Plaintiff also states that the Court must accept all of his allegations as true. Id. at 3. Not so: only "well-pleaded factual allegations" are accepted as true. Conclusory allegations "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

**A. Plaintiff's breach of contract claims should be dismissed.**

Plaintiff alleges five breaches of his deposit account contract with Capital One, N.A. ("CONA"): (1) that CONA violated TISA's disclosure requirements by failing to give him timely notice of changes to account fees (Compl. ¶¶ 94 and 95(a)); (2) that CONA wrongfully imposed undeliverable mail fees (id. ¶ 95(b)); (3) that CONA made certain misleading statements (id. ¶ 95(c)); (4) that CONA failed to give notice to Plaintiff every six months that he was entitled to request a fee schedule (id. ¶ 95(d)); and (5) that CONA charged him interest rates higher than allowed by his contract (id. ¶ 95(e)). CONA has not moved to dismiss the second of these claims. The others fail to state a claim and should be dismissed.

**1. TISA's terms are not incorporated into Plaintiff's contract.**

Plaintiff alleges in ¶ 95(a) that CONA breached Plaintiff's deposit account contract by "[c]harging, assessing and imposing new or increased fees on Plaintiff and members of the Increased Fee Class without providing the advance disclosure mandated by Plaintiff's and Class Members' contracts and TISA."

CONA's initial memorandum pointed out that Congress has repealed TISA's private right of action, and that a breach of contract action for failure to adhere to those requirements would be an impermissible end run around Congress' intent. See CONA Mem. at 4-5. Plaintiff

dismisses the cases cited by CONA in support of this argument as "outside the deposit banking context." Pl. Mem. at 15. But this is too quick: the principle these cases establish applies equally in the present case, and Plaintiff offers no argument to the contrary. Nor does Plaintiff's citation to Shelley v. AmSouth Bank, No. Civ.A.97-1170-RV-C, 2000 WL 1121770, *1 (S.D. Ala. July 24, 2000), undermine CONA's argument, for that case did not address whether TISA's terms were incorporated into plaintiff's deposit contract. Rather, the court held that TISA did not require the disclosures plaintiff claimed had not been given, so concluded that it need not decide whether TISA's terms were part of the contract. Id. at *7. Indeed, the sentence from the opinion quoted by Plaintiff makes just this point. See Pl. Mem. at 14 ("TISA and its implementing regulations do not require the defendant to disclose its posting order policy or its per check policy. Accordingly, no such obligation is read into the parties' contract, and the plaintiffs' claim for breach of contract fails.") (emphasis added). Moreover, Shelley was decided before Congress repealed TISA's private right of action (see CONA Mem. at 4), so even if the court had held that TISA's terms were deemed to be included in deposit account contracts, that conclusion would have no continuing authority.

Plaintiff protests that his contract expressly incorporates TISA when it states: "These terms and conditions are subject to all applicable state and federal laws and regulations," and "[w]e have the right to change or add to these terms and conditions by posting a notice of the changes in each of our branches or, if required by law, by mailing a notice of such change to you." Pl. Mem. at 11-12. But even a specific reference in a contract to the terms of a statute that does not provide a private right of action does not give rise to a breach of contract claim for violation of the statute's terms. Thus, in Grochowski v. Phoenix Constr., 318 F.3d 80 (2d Cir. 2003), the parties' contract expressly incorporated specific wage schedules described in the

Davis-Bacon Act. But despite the contract's specific reference to the statutory terms -- more specific than any reference made in Plaintiff's deposit account contract -- the Second Circuit held that the plaintiff's breach of contract claim was an indirect attempt to privately enforce a statute which did not allow a private right of action. Id. at 85-86 (contract action would be "inconsistent with the underlying purpose of the legislative scheme and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute.") (citation omitted). The court thus affirmed dismissal of the claim. The holding of Grochowski, then, is that no matter how explicit and specific the incorporation into a contract of statutory provisions might be, if the statute does not allow a private right of action, no breach of contract claim is stated for violations of the incorporated provisions.

Finally, Plaintiff's citation to Allied Chemical Int'l Corp. v. Companhia de Navegacao, 775 F.2d 476 (2d Cir. 1985), is surprising, because the Second Circuit's holding supports dismissal of Plaintiff's breach of contract claim. The court there distinguished between contracts that incorporate statutory terms that on their face do not apply to the matters addressed in the contract, and contracts that make reference to statutory terms that on their face do apply to such matters. Id. at 482. The court held that in the former instance -- when the parties agree to extend the reach of a statute -- the statutory terms apply "as a contractual term." Id. at 483. But when the statute on its face anyway applies to the subject matter of the agreement, the statute applies "of its own force as a statute." Id. (emphasis added). Here, of course, the TISA terms referred to in the Plaintiff's deposit account contract apply on their face to the Plaintiff's account -- Plaintiff and CONA were not agreeing to extend the reach of TISA. It follows from Allied Chemical, then, that TISA applies to Plaintiff's deposit account "of its own force as a statute," and not "as a contractual term." But the TISA statute does not contain a private right of action; so, because it

must be applied to the Plaintiff's agreement "as a statute," it does not give Plaintiff greater rights than the statute itself provides. Allied Chemical thus supports dismissal of Plaintiff's breach of contract claim.

**2. Plaintiff's allusion to "misleading statements" does not plead a breach of contract.**

Plaintiff alleges in ¶ 95(c) that CONA breached its contract with Plaintiff by "[m]aking misleading and inaccurate statements concerning the terms, fees, charges, penalties and interest rates applicable to the contractual terms that apply to Plaintiff's and Class Member's deposit accounts." But Plaintiff does not suggest how making a misleading statement might constitute a breach of contract. Nor does Plaintiff identify any contract terms alleged to have been breached by such statements. Instead, the Complaint recites a catalogue of quite general items about which such statements are meant to have been made -- "the terms, fees, charges, penalties and interest rates applicable to the contractual terms" -- without identifying any particular statement made or contract term breached. See Skypala v. Mortgage Electronic Registration Sys., Inc., Civ. No. 08-5867 (JEI/JS), 2009 WL 2762247, *5 (D.N.J. Sept. 1, 2009) (dismissing claim for breach of contract where plaintiff did not identify the particular contract provisions allegedly breached).

**3. Plaintiff has not responded to CONA's showing that he has misinterpreted 12 U.S.C. § 4305(e).**

Plaintiff alleges in ¶¶ 57 and 95(d) of his Complaint that 12 U.S.C. § 4305(e) requires CONA to tell him every six months that he has a right to demand a fee schedule. But CONA's initial brief showed this claim to rest on a misinterpretation of the statute. See CONA Mem. at 5. Plaintiff does not respond to this point, so the Court should dismiss this claim.

**4. CONA did not breach the contract by charging overdraft and not-sufficient-funds fees.**

Plaintiff contends that the overdraft fees and not-sufficient-funds ("NSF") fees CONA charged him are really interest charges, and that the interest rates these fees imposed were "above the interest rates applicable to Class members' deposit accounts." Compl. ¶ 95(e). But Plaintiff's deposit account agreement does not extend credit to Plaintiff (Plaintiff doesn't allege to the contrary), and so says nothing at all about applicable interest rates or their levels. Plaintiff's claim that the agreement is breached by charging rates higher than allowed by the agreement must therefore fail.

Plaintiff's claim fails for the additional reason that overdraft and NSF fees are not interest. The plaintiff in Nicolas v. Deposit Guaranty National Bank, 182 F.R.D. 226 (S.D. Miss. 1998), also argued that an NSF fee on her deposit account was interest. The Court rejected the argument, adopting the reasoning in an amicus brief submitted by the Office of the Comptroller of the Currency that a fee charged by a national bank is not interest when it is not "connected with credit extension," as 12 C.F.R. § 7.4001(a) requires, and that because plaintiff's deposit agreement imposed an NSF fee whether or not the NSF item was paid, the fee was not connected with the extension of credit. Id. at 231. See Smiley v. Citibank, N.A., 517 U.S. 735, 739 (1996) (OCC interpretation of the National Bank Act merits substantial deference); Video Trax, Inc. v. NationsBank, N.A., 33 F. Supp. 2d 1041, 1050 (S.D. Fla. 1998) ("The plain and ordinary meaning of "interest" or "interest rate" does not include [overdraft] fees, NSF fees, and similar contingent or default charges. … [T]he fees are not interest as defined by the Bank Act. Rather, the fee arises from the terms of the deposit agreements, which incorporate the schedule of fees."). Cf. In re Washington Mutual Overdraft Protection Litig., No. CV 03-2566 ABC(RCX), 2004 WL 5046210, *5 (C.D. Cal. Apr. 26, 2004) (overdraft fee charged by national savings

association was not interest when charged without regard to whether bank pays the item creating the overdraft), aff'd in relevant part, No. 04-55855, 2006 WL 2570957, at *1 (9th Cir. Sept. 7, 2006) ("The charges in question do not satisfy the definition of finance charges because they are not incident to extension of credit.").

Plaintiff's deposit agreement with CONA states that: "Any item drawing against insufficient funds will cause a fee to be deducted from the account whether the item is paid or returned unpaid." Otero Decl. Exh. A at 2. It follows that overdraft and NSF fees were not imposed in connection with or incident to the granting of credit, so are not interest.

Plaintiff also argues that CONA breached its contractual right of set-off. Pl. Mem. at 11. The theory here seems to be that CONA charged improper fees against funds in Plaintiff's account. But Plaintiff's contract gives CONA the right to use funds in Plaintiff's account to satisfy amounts owed to CONA. See id. at 9. Plaintiff's real complaint is with the charging of the allegedly-improper fees, not with the subsequent set-off against funds in his account. This claim is therefore duplicative of the claims already discussed and should be dismissed. O'Hearn v. Bodyonics, Ltd., 22 F. Supp. 2d 7, 12 (E.D.N.Y. 1998) (Spatt, J.) (dismissing multiple contract-related claims as duplicative).

**5. Plaintiff's claim for breach of good faith and fair dealing should be dismissed.**

Plaintiff alleges that CONA "violated the implied duties of good faith and fair dealing that apply to Plaintiff's and all Class Members' deposit agreements." Compl. ¶ 96. But that's all he alleges. His brief is equally perfunctory, just citing cases stating the uncontroversial proposition that the duty of good faith and fair dealing is implied in every contract. Pl. Mem. at 7-8. Plaintiff has nowhere alleged how this duty was breached by CONA, but such a breach cannot be implied, even were he to have properly pleaded a claim for breach of an express

contract term, for the duty of good faith and fair dealing is implicated only when a contract term is undefined or ambiguous and one party interprets it or performs it "with the objective of preventing the other party from receiving its reasonably expected fruits under the contract." Wilson v. Amerada Hess Corp., 773 A.2d 1121, 1130 (N.J. 2001). Plaintiff does not allege: (i) any lack of definition or ambiguity in the contract; (ii) that CONA took advantage of such lack of definition or ambiguity; (iii) or that, in so doing, CONA had the objective of denying Plaintiff his reasonable contract expectations. See id. (breach of good faith and fair dealing "should not be permitted to be advanced in the abstract"); Hassler v. Sovereign Bank, No. 08-5800 (JBS/KMW), 2009 WL 1651166, at *7-8 (D.N.J. 2009) (dismissing claim that bank acted in bad faith by posting Plaintiff's transactions in such an order as to maximize benefit to the bank when plaintiff failed to show that bank acted in bad faith). Plaintiff's claim should therefore be dismissed.

**B. Plaintiff's GBL § 349 claim should be dismissed because he does not allege an injury caused by a deceptive act or unfair practice in New York.**

Plaintiff claims that CONA is arguing that this claim should be dismissed because he is not a resident of NY. Not so: CONA is arguing that the claim should be dismissed because Plaintiff does not allege that CONA's allegedly-deceptive or unfair acts or practices occurred in New York.

Plaintiff attempts to remedy this problem by attaching to his opposition papers account statements showing he made ATM withdrawals in New York and alleging that CONA charged him foreign ATM fees as a result of these transactions. These documents are not properly considered by the court on a motion to dismiss. Catapano v. Wyeth Aherst Pharm., Inc., 88 F. Supp. 2d 27, 29 (E.D.N.Y. 2000) (Spatt, J.) (refusing to consider documents outside the pleadings submitted in opposition to motion to dismiss). But even if they were considered,

Plaintiff's claim fails because the deceptive or unfair conduct at issue -- the charging of foreign ATM fees by CONA -- did not occur in New York (that's where he withdrew money from a non-CONA ATM) but in New Jersey (where Plaintiff had his bank account). Because these non-CONA ATM transactions are the only nexus Plaintiff claims with New York, he has pleaded too little to sustain a claim under GBL § 349. See Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 325 (2002) (applying GLB § 349 to out-of-state conduct "would lead to an unwarranted expansive reading of the statute . . . potentially leading to the nationwide, if not global application of [the statute].").

**C. Plaintiff's status as a proposed class representative does not excuse his failure to state a claim under CUTPA.**

Plaintiff does not dispute that there is an insufficient nexus with Connecticut for him to state a claim under CUTPA. His response is that the CUTPA claim should not be dismissed because it is premature to decide class certification issues. Pl. Mem. at 18-20. But this argument is wrong.

Plaintiff is the only individual named in the Complaint. At the motion to dismiss stage, the only issue is whether the named class representative has stated a claim, and the fact that he seeks to represent a class is to be ignored. E.g., Dziennik v. Sealift, Inc., No. 05-CV-4659 (DLI)(MDG), 2006 WL 4586140, *1 (E.D.N.Y. Aug. 30, 2006) ("A plaintiff may not use the procedural device of a class action to bootstrap himself into standing he lacks under the express terms of substantive law.") (citation omitted); In re Salomon Smith Barney Mut. Fund Fees Litig., 441 F. Supp. 2d 579, 607 (S.D.N.Y. 2006) (the "standing determination should precede that of class certification," and dismissing class representative's claims for which he did not have standing). Plaintiff cites the Court's recent decision in Cassese in support of his argument that the Court should not dismiss his CUTPA claim, but that case (addressing class certification)

specifically held that the juridical link doctrine is applicable only when considering Rule 23's typically requirement, and is irrelevant to standing. Cassese v. Washington Mutual, Inc., 255 F.R.D. 89, 97 (E.D.N.Y. 2008). Farinella v. PayPal, Inc., 611 F.Supp. 2d 250 (E.D.N.Y. 2009) (cited at Pl. Mem. at 19) is likewise unavailing, for, like Cassese, it concerned class issues, not standing. It follows, then, that because Plaintiff has no claim under CUTPA, his CUTPA claim should be dismissed.

**D. Plaintiff's unjust enrichment claim must be dismissed because the parties do not dispute the validity of their contract.**

Plaintiff does not dispute that a valid, enforceable contract exists between the parties. Accordingly, he cannot plead unjust enrichment in the alternative. CBS Broadcasting Inc. v. Jones, 460 F. Supp. 2d 500, 506 (S.D.N.Y. 2006); see also Freedman v. Freedman, 116 F. Supp. 2d 379, 381-82 (E.D.N.Y. 2000) (Spatt, J). The cases cited by Plaintiff are inapposite. In Diversified Carting, Inc. v. City of New York, 423 F. Supp. 2d 85, 98 (S.D.N.Y. 2005), plaintiff was allowed to plead contract and unjust enrichment claims in the alternative because the existence of a contract was in question. Similarly, in Astroworks, Inc. v. Astroexhibit, Inc., 257 F. Supp. 2d 609, 621 (S.D.N.Y. 2003), there was no written agreement and the parties disputed whether an oral contract was formed. And Seiden Assoc., Inc. v. ANC Holdings, Inc., 754 F. Supp. 37, 40 (S.D.N.Y. 1991), the authority relied on in the MCI case, similarly involved a disputed contract. There is no doubt here that a valid contract exists between the parties.

Plaintiff argues that the parties disagree about the interpretation of their contract -- specifically, whether it incorporates provisions from TISA and its regulations -- and so he can plead both unjust enrichment and breach of contract. But he provides no support for this principle, which anyway has been rejected by other courts. Price v. Cushman & Wakefield, Inc., No. 08 Civ. 8900, 2009 WL 3075599, *6 (S.D.N.Y. September 26, 2009) (holding that fact that

parties disagreed on interpretation of contract was insufficient to sustain unjust enrichment claim in the alternative where parties did not dispute existence of contract).

**Conclusion**

For the foregoing reasons, CONA respectfully asks the Court to dismiss Count I (¶¶ 94, 95(a) and (c)-(e) and 96 thereof), and Counts II, IV, V and VI of the Complaint in their entirety.

Dated: New York, New York
October 20, 2009

HUNTON & WILLIAMS LLP

By: /s/ Brian V. Otero
Brian V. Otero
200 Park Avenue -- 52nd Floor
New York, New York 10166
Tel. (212) 309-1000
botero@hunton.com

Neil K. Gilman (admitted pro hac vice)
1900 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 955-1500
ngilman@hunton.com

Attorneys for Defendant Capital One, N.A.

**DECLARATION OF SERVICE**

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

That on October 20, 2009, I served a true copy of the attached Capital One, N.A.'s Reply Memorandum of Law in Further Support of Its Motion to Dismiss for Failure to State a Claim, upon plaintiffs' counsel at the addresses listed below, via the Court's ECF System and via First Class Mail, by depositing same in a duly enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2009.

Bradford C. Mulder
Bradford C. Mulder

Joseph S. Tusa, Esq.
Paul C. Whalen, Esq.
WHALEN & TUSA, P.C.
33 West 19th Street, 4th Floor
New York, New York 10011

Joseph P. Guglielmo, Esq.
SCOTT + SCOTT LLP
29 West 57th Street
New York, New York 10019