UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
ERIC GUNTHER, individually and on                                  :
behalf of others similarly situated,                               :
                                                                   :
                               Plaintiff,                      :
                                                                   :
                        - against -                                    :  Civil Action No. 09-2966-ADS-AKT
                                                                   :
CAPITAL ONE, N.A, d/b/a CAPITAL ONE                                :
BANK and CAPITAL ONE FINANCIAL                                     :
CORPORATION,                                                       :
                                                                   :
                         Defendants.                    :
------------------------------------------------------------------ X

## STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY

Plaintiff Eric Gunther ("Plaintiff" or "Gunther") and Defendants Capital One, N.A. and Capital One Financial Corporation (collectively "Defendants" and, with the Plaintiff, a "Party" or the "Parties"), hereby stipulate and agree, through their respective attorneys of record, as follows:

1.      The following definitions shall apply to this Stipulation and Protective Order of Confidentiality ("Order"):

        (a)    "Document" shall have the meaning as assigned to it under U.S. District Court for the Eastern District of New York ("E.D.N.Y.") Local Rule 26.3.

        (b)    "Confidential Information" shall mean all Documents or portions thereof that contain information described in Paragraph 2 and that bear the Confidentiality Legend pursuant to Paragraph 3(a), or that contain information described in Paragraph 2 and have otherwise been designated in a way that brings the confidential nature of the Document to the attention of a reasonable examiner, thereby signifying that it contains information believed to be confidential.

-2-

(c) "Copies" shall mean any photocopies, reproductions, duplicates, extracts, summaries, or descriptions of a Document.

(d) "Producing Party" shall mean any Party or its counsel or any other person who produced the Document(s) at issue.

(e) "Designating Party" shall mean any Party or its counsel or any third-party who has designated the Document(s) at issue as confidential pursuant to Paragraph 3.

(f) "Receiving Party" shall mean any Party or its counsel to whom Confidential Information is furnished.

(g) "Final Conclusion of this Litigation" shall mean the date thirty days following:

(1) the filing of a stipulated dismissal;

(2) the entry of a voluntary dismissal; or

(3) the entry of a final, non-appealable order and judgment disposing of the case.

2. Any Document may be designated as confidential if it contains information of any of the following types, if that information has been kept confidential and has not been disclosed without reasonable assurances of confidentiality:

(a) Any competitively-sensitive financial information;

(b) Any trade secret or otherwise proprietary information;

(c) Any information of a personal or intimate nature regarding any individual, including the types of information identified in Federal Rule of Civil Procedure 5.2 and E.D.N.Y. Administrative Order 2004-09.

  3. Any Party shall have the right to designate any Documents as confidential pursuant to the following procedures:

  (a) in the case of Documents, by affixing upon each page of any Document so designated a legend (the "Confidentiality Legend") that states: "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER, GUNTHER V. CAPITAL ONE (09-2966)." To the extent it is not possible to place the Confidentiality Legend on each page (either because doing so will cover some part of the Document's text or for any other reason), the Confidentiality Legend should be affixed to the Document or material containing such information in a manner reasonably calculated to make clear the extent to which such information is to be treated as confidential. The designation shall not be placed over any substantive content of a Document or material.

  (b) In answering any interrogatory, discovery request, request for admission, or part thereof, a Party may designate its answer(s) as confidential by affixing the Confidentiality Legend to such Document.

  (c) Any Party may obtain confidential treatment for testimony given in this action by designating, during the course of that testimony for which confidential treatment is desired, which testimony is claimed to be confidential. The reporter shall separately transcribe and bind the testimony so designated as confidential and shall mark the face of the separate bound transcript containing such confidential testimony with the Confidentiality Legend. Testimony may also be designated as confidential by written notice to the opposing Party (or for a third party making a designation, to both Parties) within fifteen (15) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are confidential. In the event of such designation by written notice, each Party shall attach a copy of such notice to the face of the transcript and each copy thereof in its possession or control. To

facilitate such designation by written notice, all transcripts shall be afforded confidential treatment in their entirety for a period of fifteen (15) business days after a full and complete transcript is available.

(d) Subject to Subparagraphs 3(e) and (e), below, designation of Documents as confidential will be made before or at the time of production or disclosure.

(e) Any Party may designate any Document produced by any Producing Party as confidential by sending written notice to the opposing Party and Producing Person within fifteen (15) days after receipt of such materials. Such written notice shall set forth by Bates number the Documents which contain Confidential Information. In the event of such designation, each Party and the Producing Party of such Documents shall affix the Confidentiality Legend, as appropriate, to each copy of such Documents in their possession or control. To facilitate such designation by written notice, all Documents produced by any Producing Person shall be afforded confidential treatment in their entirety for a period of fifteen (15) days after such Documents are received. Nothing in this Paragraph shall be construed to prohibit any Party or Producing Party from designating such Documents as confidential after the fifteen (15) day period described above. Nothing herein shall afford a Party the ability to designate as Confidential a Document that previously has been disclosed publicly and/or has not been kept confidential.

(f) The inadvertent failure to designate a Document or any portion thereof as confidential in no way alters or waives the protected and confidential nature of the Document or portion thereof and does not remove it from the scope of this Order.

(g) Interrogatory answers; responses to requests for admission; responses to requests for production; deposition transcripts and exhibits; and pleadings, motions, affidavits,

briefs, or other papers filed with the Court that quote, summarize, or contain Documents entitled to confidential protection may be accorded status as Confidential Information but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from the portions of the Document not entitled to protection.

4. All confidentiality designations and requests for confidential treatment shall be made in good faith. If a Party in good faith disagrees with a confidentiality designation, that Party shall inform counsel for the Designating Party in writing of said disagreement. Upon the Designating Party's receipt of written notification, the Parties shall confer in an effort to resolve the dispute without Court intervention. If, after conferring, the Parties cannot resolve the dispute, any Party may move for a determination by the Court as to the appropriateness of the confidentiality designation. Each Document or portion thereof designated as confidential shall retain that designation and shall remain subject to the terms of this Order until such time, if ever, that the Court renders a decision that a particular Document or portion thereof is not confidential and subject to this Order and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

5. Counsel for any Party receiving Confidential Information shall use reasonable efforts to limit the disclosure of Confidential Information, including any Copies thereof, to the minimum number of persons necessary to conduct this litigation. No Copies of Confidential Information shall be made except by the persons identified in Subparagraphs 6(a)-(c), and only then for the purposes of providing working copies or for filing or lodging any papers in Court pursuant to Paragraph 12. All Copies of Confidential Information shall immediately be affixed with the Confidentiality Legend if the Confidentiality Legend does

not already appear on the Copy. All such Copies shall be afforded the full protection of this Order.

   6. Except as otherwise provided herein, or with the prior written consent of the Designating Party, Confidential Information may be disclosed by the receiving Party only to:

    (a) counsel of record for the Parties in this action, provided that counsel is actively engaged in the conduct of this lawsuit, and to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this lawsuit;

    (b) the Court and any employees thereof who are involved in this lawsuit (including court reporters, persons operating video-recording equipment at depositions, and any special master appointed by the Court);

    (c) any person designated by the Court, in the interest of justice, upon such terms as the Court may deem proper;

    (d) the Parties, current or former officers, employees, representatives, or agents of a Party, or of a Party's parents, subsidiaries, affiliates, predecessors, successors or assigns, to the extent deemed necessary by the Party's respective attorneys for the purposes of this litigation;

    (e) stenographers, court reporters and employees or third-party contractors of counsel involved solely in one or more aspects of organizing, copying, scanning, filing, coding, converting, storing, or retrieving data or in designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation

support system, but only to the extent reasonably necessary to perform such duties and subject to the conditions set forth in Paragraph 8;

(f) vendors retained by counsel to perform services related to this litigation, subject to the conditions set forth in Paragraph 8;

(g) any persons reasonably believed to be the author, recipient, carbon copyee or source of Confidential Information, or officers, directors, employees or consultants (including expert witnesses) of the Producing Party which designated the Documents as confidential, subject to the conditions set forth in Paragraph 8;

(h) potential or actual deponents or trial witnesses, but only to the extent reasonably necessary in preparing such deponent or witness to testify and subject to the conditions set forth in Paragraph 8;

(i) outside consultants or experts retained for the purpose of assisting counsel in this lawsuit, but only to the extent reasonably necessary for the consultant or expert to provide such assistance and subject to the conditions set forth in Paragraph 8; and

(j) any other person agreed to in writing by the Parties or by further order of the Court.

7. Before disclosing Confidential Information to any person listed in Paragraphs 6(g) through (j) above, the Receiving Party shall ensure that the individual to whom disclosure is to be made has been provided a copy of this Order and has executed the Confidentiality Agreement attached hereto as Exhibit A (the "Confidentiality Agreement"). Counsel for each Party shall maintain a file of the signed Confidentiality Agreements it obtains pursuant to this Paragraph. Counsel for any Party may request and receive confirmation that signed Confidentiality Agreements have been obtained pursuant to this

Paragraph, but such confirmation shall not include a right to inspect the Confidentiality Agreements.

8. Persons obtaining access to Confidential Information under this Order shall use the information only for purposes of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including without limitation other business purposes or any governmental, commercial, administrative or judicial proceedings.

9. If any Party receives a formal or informal request or subpoena for Confidential Information, such that the Party reasonably believes it is under an obligation to produce such Confidential Information to any person, entity, court, or governmental agency, the Party receiving the request ("Receiver") shall give written notice, by hand delivery, email or facsimile transmission within forty-eight (48) hours of receipt of such formal or informal request or subpoena to the Party who has designated such Documents as confidential. The Receiver shall not produce the Confidential Information until ten (10) days after giving such notice, unless required to do so by the subpoena, demand or other legal process, in which case, the Receiver shall not produce the Confidential Information until within twenty-four hours of the latest time legally permissible. Should the person seeking access to the Confidential Information take action against the Receiver or anyone else covered by this order to enforce such a subpoena, demand or other legal process, the Receiver shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information covered by this Order, or to subject themselves to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

10. Inadvertent production of Documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege. With respect to such inadvertently produced Documents, the following procedures shall apply:

(a) The Producing Party inadvertently producing such Documents shall contact all other Parties to apprise them of such production within fifteen (15) days of discovery of the inadvertent production.

(b) If no dispute exists as to the protected nature of the inadvertently produced Documents, all Parties in possession of inadvertently produced Documents ("Party in Possession") shall, within fifteen (15) days of receiving the notice of inadvertent production:

(1) return the Documents to the Producing Party, along with any Copies and notes or other work product reflecting the contents of such Documents; or, at the request of the Producing Party and in such Producing Party's sole discretion,

(2) destroy the Documents along with any copies and notes or other work product reflecting the contents of such Documents. If the Party in Possession destroys, rather than returns, the inadvertently produced Documents and Copies and related notes or other work product, the Party in Possession shall certify the destruction and shall deliver the certification to the Producing Party within 15 days of receiving the notice of inadvertent production; and

(3) in either event, delete all inadvertently produced Documents and Copies from any litigation-support or other database.

(c) In the event that only portions of the inadvertently produced Documents contain privileged subject matter, the Producing Party shall substitute redacted versions of the

Documents within ten (10) days of the return of the inadvertently produced Documents or receipt of the certification of destruction of the inadvertently produced Documents.

(d) If the Party in Possession believes that the Documents are not subject to the protections of work-product immunity, attorney-client privilege, or other legal privilege protecting information from discovery, the Party in Possession shall, within fifteen (15) days of sending or receiving the notice of inadvertent production, object to the Producing Party's claim of protection by notifying the Producing Party of the objection in writing and specifically identifying the produced Documents to which the objection applies. Upon the Producing Party's receipt of written notification, the Parties shall confer in an effort to resolve the dispute without Court intervention. If the Parties cannot resolve the dispute, the Party in Possession shall, within fifteen (15) days of service of its written objection, contact the Court and the Producing Party to seek an *in camera* review of the Documents in question. If the Court determines that the inadvertently produced Documents are entitled to work-product immunity, attorney-client privilege, or other legal privilege or protection that protects the information from discovery, the Party in Possession shall comply with the decision of the Court.

(e) Upon service of notice of inadvertent production pursuant to Subparagraph 10(a), no use shall be made of inadvertently produced Documents during depositions, at trial or in submissions to the Court (other than submissions with regard to whether any privilege or immunity applies to such Document(s)), nor shall they be disclosed to anyone (other than persons identified in Subparagraph 6(a)) who did not previously have access to them, until the Parties have agreed on the handling of such Documents, or the Court has issued an order concerning the disputed Documents.

11. Failure to assert work-product immunity, the attorney-client privilege and/or other legal privilege protecting information from discovery in this lawsuit as to one Document shall not be deemed to constitute a waiver, in whole or in part, of any work-product immunity and/or privilege protection as to any other Document, even if the Documents involve the same or similar subject matter.

12. Filings or submissions to the Court in the form of affidavits, memoranda, exhibits or other papers that contain or refer to Confidential Information shall be filed under seal in conformity with Federal Rule of Civil Procedure 5.2 and E.D.N.Y. Administrative Order 2004-05. To the extent allowed under Federal Rule 5.2 and E.D.N.Y. Administrative Order 2004-05, filings or submissions to the Court that contain or refer to Confidential Information shall remain sealed while in the office of the Clerk so long as the information retains its status as Confidential Information. Redacted copies of any filings containing Confidential Information shall be filed publicly with the Clerk's office.

13. This Order shall remain in full force and effect in perpetuity unless modified, superseded, or terminated by written consent of the Parties or by order of the Court. Each person subject to this Order shall continue to be subject to the jurisdiction of the U.S. District Court for the Eastern District of New York for the purpose of enforcement of the terms of this Order for as long as the Order remains in effect. The Court shall not be divested of the power to enforce the terms of this Order as to any persons subject to the Order by the final conclusion of this litigation or by the filing of a notice of appeal or other pleading that arguably has the effect of divesting this Court of jurisdiction of this matter.

14. No later than 20 business days following the Final Conclusion of this Litigation, and subject to Paragraph 15, all Confidential Information, and all Copies thereof,

shall be returned to the attorneys for the Producing Party that furnished the same.  In the alternative, a Party or third party may, upon the agreement of the Producing Party who furnished the Confidential Information, destroy such Documents and confirm in writing that such destruction occurred.  In addition, all summaries or other materials containing, discussing or disclosing Confidential Information shall be destroyed at the conclusion of this litigation; provided, however, that counsel for any Party may retain copies of all documents that have been filed with the Court; deposition and trial transcripts (and exhibits thereto); interrogatory responses; responses to requests for admission; and attorney work product prepared by counsel for the Parties ("Work Product Material") that references, quotes, summarizes, or otherwise incorporates Confidential Information.  This Order shall continue to be binding after the Final Conclusion of this Litigation.  The provisions of this Paragraph 14 are not applicable to any Confidential Information that became a part of the publicly available Court record in this proceeding.

    15.    A Receiving Party shall make a reasonable effort to retrieve any Confidential Information from any non-party to whom such information has been given, and shall notify the Producing Party in writing of the failure to retrieve any such Documents.  This notice shall (1) specifically identify the Confidential Information not returned, (2) identify the person from whom the Confidential Information could not be retrieved, and (3) state the efforts made to retrieve such Confidential Information and the reasons why these efforts were unsuccessful.  Failure of a Receiving Party to retrieve Confidential Information pursuant to this Paragraph shall not be considered a violation of this Order by the Receiving Party.

16. Nothing in this Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. The Parties shall be given notice and an opportunity to be heard before the Court in any way modifies this Order or enters any other decision affecting the substance or effect of this Order.

17. Any Party may expressly waive in writing the applicability of any provision of this Order to any Document or portion thereof that the Party produces. Such waiver shall apply only to the Document or portion thereof to which the applicability of the specified provision of this Order is expressly waived.

18. The Order may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Order. Such proposed modifications shall be submitted to the Court for approval.

19. Any material violation of this Order by any Party or person to whom Confidential Information is disclosed pursuant to the terms of this Order shall constitute contempt of court and be punishable as such, and shall subject the offending Party or person to such additional and further remedies as may be available to the aggrieved Party.

20. Notwithstanding any of the above, this Order is not meant to, and does not effect or supersede any obligation or existing right between the Parties with regard to access to, the production of, or retention of any Documents.

APPROVED AND SO ORDERED:
**Dated** this _____ day of November, 2009

_____

The undersigned Parties stipulate to the above order:

Dated: November 16, 2009.　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Joseph S. Tusa

　　　　　　　　　　　　　　　　　　　　Joseph S. Tusa
　　　　　　　　　　　　　　　　　　　　Paul C. Whalen
　　　　　　　　　　　　　　　　　　　　WHALEN & TUSA, P.C.
　　　　　　　　　　　　　　　　　　　　33 West 19th Street, 4th Floor
　　　　　　　　　　　　　　　　　　　　New York, NY 10011

　　　　　　　　　　　　　　　　　　　　Joseph P. Guglielmo
　　　　　　　　　　　　　　　　　　　　SCOTT + SCOTT LLP
　　　　　　　　　　　　　　　　　　　　29 West 57th Street
　　　　　　　　　　　　　　　　　　　　New York, NY 10019

　　　　　　　　　　　　　　　　　　　　**Attorneys for Plaintiff Eric Gunther**


　　　　　　　　　　　　　　　　　　　　/s/ Brian V. Otero
　　　　　　　　　　　　　　　　　　　　Brian V. Otero
　　　　　　　　　　　　　　　　　　　　Hunton & Williams LLP
　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10166
　　　　　　　　　　　　　　　　　　　　Tel (212) 309-1000

　　　　　　　　　　　　　　　　　　　　Neil K Gilman
　　　　　　　　　　　　　　　　　　　　1900 K Street, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　　Tel: (202) 955-1500


　　　　　　　　　　　　　　　　　　　　**Attorneys for Defendants Capital One, N.A. and Capital One Financial Corporation**

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
ERIC GUNTHER, individually and on :
Behalf of others similarly situated, :
:
:
Plaintiff, :
:
- against - : Civil Action No. 09-2966-ADS-AKT
:
CAPITAL ONE, N.A, d/b/a CAPITAL ONE :
BANK and CAPITAL ONE FINANCIAL :
CORPORATION, :
:
Defendants. :
------------------------------------------------------------------ X

## **<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____, do hereby acknowledge that I have received a copy of the STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY ("Order") that was entered in the above-referenced case, with respect to the manner in which Confidential Information disclosed or made available in the course of the above-referenced proceeding is to be treated by me.

I state that: (1) I understand that my execution of this Confidentiality Agreement is a prerequisite to my review of any Documents designated as confidential pursuant to the Order; (2) I have read and understand the Order and I hereby agree to abide by the Order; (3) I understand that my obligation to honor the terms of the Order will continue even after the Final Conclusion of this Litigation; (4) I will not disclose to others, except in accordance with the Order, any Documents designated as confidential, and I will use such Documents as are disclosed to me only in connection with the prosecution or defense of the above-referenced

proceeding; (5) upon the final conclusion of the above-referenced proceeding, I will destroy all Documents designated as confidential or return such Documents to the person(s) from whom I received them; and (6) I consent to personal jurisdiction in the U.S. District Court of the Eastern District of New York in the event that any Party or other person seeks to enforce any claim that I have failed to abide by the terms of the Order.

_____

SUBSCRIBED and SWORN to before me
this \_\_\_\_\_ day of _____ , 20\_\_\_\_.


_____
Notary Public