**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | : | |
|---|---|---|
| ERIC GUNTHER, individually and on behalf of all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| - against - | : : : | No. 09-cv-2966-ADS-AKT |
| CAPITAL ONE, N.A., d/b/a CAPITAL ONE BANK | : : : : | |
| Defendant. | : : : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CAPITAL ONE, N.A.'S ANSWER TO THE CLASS ACTION COMPLAINT

Defendant Capital One, N.A., d/b/a Capital One Bank ("CONA"), by counsel, respectfully states its answers and affirmative defenses to the Class Action Complaint of Plaintiff Eric Gunther as follows:

### INTRODUCTION

1.      CONA admits that it provides deposit banking services in New York, New Jersey and Connecticut, and denies the remaining allegations in Paragraph 1 of the Complaint.

2.      CONA admits that Plaintiff maintained a checking account with North Fork Bank in or about December 2006, and respectfully refers the Court to the agreements between North Fork Bank and Plaintiff for their true and complete terms.  CONA denies the remaining allegations in Paragraph 2 of the Complaint.

3.      CONA incorporates by reference the announcement referred to in paragraph 3 of the Complaint, and respectfully refers the Court to the announcement for its true and complete terms.  CONA denies the remaining allegations in paragraph 3 of the Complaint.

4. CONA admits that on or about March 10, 2008, it began assessing certain account fees on CONA deposit accounts in New York, New Jersey, and Connecticut. CONA further states that in early 2008 it provided written notice of the terms and conditions of the account fees to CONA customers. CONA denies the remaining allegations in Paragraph 4 of the Complaint.

5. CONA admits that it assessed on Plaintiff's account six Not-Sufficient Funds/ Overdraft / Drawing Against Uncollect Fees in the amount of $35 since March 10, 2008, and that it reversed at least one such fee. CONA respectfully refers the Court to the agreements between Plaintiff and CONA for their true and complete terms, and denies the remaining allegations in Paragraph 5 of the Complaint.

6. CONA admits that it assessed on Plaintiff's account twelve Foreign ATM Fees in the amount of $1.50 since March 10, 2008, respectfully refers the Court to the agreements between Plaintiff and CONA for their true and complete terms, and denies the remaining allegations in Paragraph 6 of the Complaint.

7. CONA denies the allegations in Paragraph 7 of the Complaint.

8. CONA admits that it assessed an Undeliverable Mail Fee in the amount of $15 on Plaintiff's account in or about November, 2007, and in several subsequent months, and that it refunded several such fees. CONA denies the remaining allegations in Paragraph 8 of the Complaint.

9. CONA denies the allegations of Paragraph 9 of the Complaint.

10. CONA denies the allegations of Paragraph 10 of the Complaint.

11. The allegations of Paragraph 11 of the Complaint relating to Plaintiff's claims that have been dismissed pursuant to the Court's April 8, 2010 Decision on Defendants' Motion to Dismiss do not require a response. CONA admits that Plaintiff seeks the remedies listed in

Paragraph 11 for his remaining claims, but denies that Plaintiff is entitled to any relief, and denies the remaining allegations in Paragraph 11 of the Complaint.

## **JURISDICTION AND VENUE**

12. The allegations of Paragraph 12 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 12 of the Complaint.

13. The allegations of Paragraph 13 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 13 of the Complaint.

14. The allegations of Paragraph 14 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 14 of the Complaint..

15. The allegations of Paragraph 15 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 15 of the Complaint..

## **PARTIES**

**Plaintiff**

16. CONA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 16 of the Complaint and therefore denies the allegations. CONA admits the allegations in the second sentence of Paragraph 16, and admits that it assessed on Plaintiff's account the fees referenced in the third, fourth, and fifth sentences of Paragraph 16 of the Complaint. CONA denies the remaining allegations in Paragraph 16 of the Complaint.


**Defendants**

17.     The allegations of Paragraph 17 of the Complaint relate to Capital One Financial Corporation ("COF"), which has been dismissed from this litigation pursuant to the Court's April 8, 2010 Decision on Defendants' Motion to Dismiss, and therefore do not require a response.

18.     CONA admits that it is chartered as a national bank under the National Bank Act, with its headquarters in McLean, Virginia, and with bank branches in states including but not limited to New York, New Jersey, Connecticut, Texas and Louisiana. CONA admits that, prior to its charter as a national bank, one of its predecessors operated as a bank chartered under the laws of the Commonwealth of Virginia. CONA denies the remaining allegations in Paragraph 18 of the Complaint.

## FACTUAL ALLEGATIONS

19.     CONA respectfully refers the Court to the announcement referenced in the first sentence of Paragraph 19 of the Complaint for its true and complete terms, and denies the remaining allegations in the first sentence of Paragraph 19. CONA respectfully refers the Court to the record of the Federal Reserve Board relating to the acquisition of NFBI for its true and complete terms, and denies the remaining allegations in Paragraph 19 of the Complaint.

20.     CONA respectfully refers the Court to the announcement referred to in Paragraph 20 of the Complaint for its true and complete terms, and denies the remaining allegations in paragraph 20 of the Complaint.

21.     CONA admits that until or about March 10, 2008, CONA conducted its operations in New York and New Jersey under the name "North Fork Bank," and under the name "Superior Savings of New England, N.A." for its operations in Connecticut. CONA denies the remaining allegations in Paragraph 21 of the Complaint.

22. CONA respectfully refers the Court to the Federal Reserve data referenced in Paragraph 22 of the Complaint for its true and complete terms, and denies the remaining allegations in Paragraph 22 of the Complaint..

23. CONA admits that, in or about March 2006, NFBI operated approximately 355 bank branches as either North Fork Bank or Superior Bank, and denies the remaining allegations in Paragraph 23 of the Complaint.

24. CONA respectfully refers the Court to the press release referenced in Paragraph 24 of the Complaint for its true and complete terms, and denies the remaining allegations in Paragraph 24 of the Complaint.

25. CONA respectfully refers the Court to the press release referenced in Paragraph 25 of the Complaint for its true and complete terms, and denies the remaining allegations in Paragraph 25 of the Complaint.

26. CONA denies the allegations in Paragraph 26 of the Complaint.

27. CONA respectfully refers the Court to the document referenced in the first sentence of Paragraph 27 of the Complaint for its true and complete terms, and denies the remaining allegations in Paragraph 27 of the Complaint.

28. CONA denies the allegations in the first sentence of Paragraph 28 of the Complaint. CONA respectfully refers the Court to the document referenced in the second and third sentences of Paragraph 28 of the Complaint for its true and complete terms, and denies the remaining allegations in Paragraph 28 of the Complaint.

29. CONA admits that it assessed and reversed several NSF/ Overdraft/ Drawing Against Uncollect Fees to Plaintiff's account since March 10, 2008, and respectfully refers the

Court to the statements of Plaintiff's account with CONA for a true and complete record of those fees and reversals. CONA denies the remaining allegations in Paragraph 29 of the Complaint.

30. CONA denies the allegations in paragraph 30 of the Complaint.

31. CONA admits that it assessed several Foreign ATM Fees to Plaintiff's account since March 10, 2008, and respectfully refers the Court to the statements of Plaintiff's account with CONA for a true and complete record of those fees. CONA denies the remaining allegations in Paragraph 31 of the Complaint

32. CONA denies the allegations of Paragraph 32 of the Complaint.

33. CONA admits that it assessed several Undeliverable Mail Fees to Plaintiff's account with CONA and that it refunded several such fees, and respectfully refers the Court to the statements of Plaintiff's account with CONA for a true and complete record of the fees and refunds. CONA denies the remaining allegations in Paragraph 33 of the Complaint

34. (i) CONA admits that North Fork Bank did not charge an Undeliverable Mail Fee to Plaintiff's account; (ii) CONA respectfully refers the Court to Plaintiff's statements of account with CONA for the mailing address to which Plaintiff's account statement were sent; (iii), (iv) and (v) CONA denies knowledge or information sufficient to form a belief as to subparts iii - iv, and therefore denies those allegations. CONA denies the remaining allegations in Paragraph 34 of the Complaint and its subparts.

35. CONA admits that Plaintiff communicated with CONA regarding the assessment of Undeliverable Mail Fees, and denies the remaining allegations in Paragraph 35 of the Complaint.

36. CONA admits that Plaintiff communicated with CONA in or about June, 2009, regarding the assessment of Undeliverable Mail Fees, and that it refunded six Undeliverable Mail Fees to Plaintiff, and denies the remaining allegations in Paragraph 35 of the Complaint.

37. CONA denies the allegations in Paragraph 37 of the Complaint.

38. CONA respectfully refers the Court to the account statements and disclosures referenced in Paragraph 38 for their true and complete terms, and denies the remaining allegations in Paragraph 38 of the Complaint.

39. CONA respectfully refers the Court to the document referenced in Paragraph 39 of the Complaint for its true and complete terms, and denies the remaining allegations in Paragraph 39 of the Complaint.

40. CONA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore denies the allegations.

41. CONA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore denies the allegations.

42. CONA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore denies the allegations.

43. CONA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and therefore denies the allegations.

44. CONA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and therefore denies the allegations.

45. CONA respectfully refers the Court to the document referenced in Paragraph 45 for its true and complete terms, and denies the remaining allegations in Paragraph 45 of the Complaint.

46. CONA respectfully refers the Court to the document referenced in Paragraph 46 for its true and complete terms, and denies the remaining allegations in Paragraph 46 of the Complaint.

47. CONA respectfully refers the Court to the document referenced in Paragraph 47 for its true and complete terms, and denies the remaining allegations in Paragraph 47 of the Complaint.

48. The allegations of Paragraph 48 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 48 of the Complaint.

49. The allegations of Paragraph 49 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 49 of the Complaint.

50. CONA respectfully refers the Court to the document referenced in Paragraph 50 for its true and complete terms, and denies the remaining allegations in Paragraph 50 of the Complaint.

51. The allegations of Paragraph 51 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 51 of the Complaint..

52. The allegations of Paragraph 52 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 52 of the Complaint.

53. CONA denies the allegations in Paragraph 53 of the Complaint.

54. CONA respectfully refers the Court to the document referenced in Paragraph 54 for its true and complete terms, and denies the remaining allegations in Paragraph 54 of the Complaint.

55. The allegations of Paragraph 55 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations of Paragraph 55 of the Complaint.

56. The allegations in the first sentence of Paragraph 56 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations in the first sentence of Paragraph 56 of the Complaint.. CONA respectfully refers the Court to the document referenced in the second sentence of Paragraph 56 for its true and complete terms, and denies the remaining allegations in the second sentence of Paragraph 56 of the Complaint.

57. The allegations in the first sentence of Paragraph 57 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations in the first sentence of Paragraph 57 of the Complaint. CONA denies the allegations in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint contain legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations in the Paragraph 58 of the Complaint.

59. CONA respectfully refers the Court to the document referenced in Paragraph 59 for its true and complete terms, and denies the remaining allegations in Paragraph 59 of the Complaint.

60. CONA respectfully refers the Court to the document referenced in Paragraph 60 for its true and complete terms, and denies the remaining allegations in Paragraph 60 of the Complaint.

61. CONA respectfully refers the Court to the document referenced in Paragraph 61 for its true and complete terms, and denies the remaining allegations in Paragraph 61 of the Complaint.

62. CONA respectfully refers the Court to the document referenced in Paragraph 62 for its true and complete terms, and denies the remaining allegations in Paragraph 62 of the Complaint.

63. CONA respectfully refers the Court to the document referenced in Paragraph 63 for its true and complete terms, and denies the remaining allegations in Paragraph 63 of the Complaint.

64. CONA respectfully refers the Court to the document referenced in Paragraph 64 for its true and complete terms, and denies the remaining allegations in Paragraph 64 of the Complaint.

65. CONA denies the allegations in Paragraph 65 of the Complaint.

66. CONA denies the allegations in Paragraph 66 of the Complaint.

67-79. The allegations in Paragraphs 67-79 of the Complaint relate to Plaintiff's claims against COF, which have been dismissed in their entirety pursuant to the Court's April 8, 2010 Decision on Defendants' Motion to Dismiss, and therefore do not require a response.

## CLASS ACTION ALLEGATIONS

80. CONA admits that Plaintiff brings this case as a purported class action with the class definitions supplied in subparagraphs 80(a) and 80(b). CONA denies the remaining allegations in Paragraph 80 of the Complaint.

81. CONA admits that Plaintiff brings this case as a purported class action. CONA denies the remaining allegations in Paragraph 81 of the Complaint.

82. CONA denies the allegations in Paragraph 82 of the Complaint.

83. CONA denies the allegations in Paragraph 83 of the Complaint.

84. CONA denies the allegations in Paragraph 84 of the Complaint.

85. CONA denies the allegations in Paragraph 85 of the Complaint.

86. CONA denies the allegations in Paragraph 86 of the Complaint.

87. CONA denies the allegations in Paragraph 87 of the Complaint.

88. CONA denies the allegations in Paragraph 88 of the Complaint.

89. CONA denies the allegations in Paragraph 89 of the Complaint.

90. CONA denies the allegations in Paragraph 90 of the Complaint.

## COUNT I: BREACH OF CONTRACT

91. CONA repeats its responses to paragraphs 1 through 90 of the Complaint as if fully set forth herein.

92. CONA admits that Plaintiff and members of the purported classes entered into agreements with CONA, and respectfully refers the Court to the agreements for their true and complete terms. CONA denies the remaining allegations in Paragraph 92 of the Complaint.

93. CONA admits the allegations in Paragraph 93 of the Complaint.

94. CONA denies the allegations in Paragraph 95 of the Complaint.

95. CONA denies the allegations in Paragraph 95 of the Complaint.

96. CONA denies the allegations in paragraph 96 of the Complaint.

97. CONA denies the allegations in paragraph 97 of the Complaint.

## COUNT II: VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349

98-104. This claim was dismissed in its entirety pursuant to the Court's April 8, 2010 Decision on Defendants' Motion to Dismiss, and so no response to these allegations is required.

## COUNT III: VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT

105. CONA repeats its responses to paragraphs 1 through 104 of the Complaint.

106. The allegations in Paragraph 106 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations in the Paragraph 106 of the Complaint.

107. The allegations in Paragraph 107 of the Complaint constitute legal conclusions that do not require a response. To the extent a response is required, CONA denies the allegations in the Paragraph 107 of the Complaint..

108. CONA denies the allegations in Paragraph 108 of the Complaint.

109. CONA denies the allegations in Paragraph 109 of the Complaint.

110. CONA denies the allegations in Paragraph 110 of the Complaint.

111. CONA denies the allegations in Paragraph 111 of the Complaint.

## COUNT IV: VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

112-118. This claim was dismissed in its entirety pursuant to the Court's April 8, 2010 Decision on Defendants' Motion to Dismiss, and so no response to these allegations is required..

## COUNT V: COMMON LAW UNJUST ENRICHMENT

119-124. This claim was dismissed in its entirety pursuant to the Court's April 8, 2010 Decision on Defendants' Motion to Dismiss, and so no response to these allegations is required.

## COUNT VI: UNDER THE DECLARATORY JUDGMENT ACT

125. CONA repeats its responses to Paragraphs 1 through 124 of the Complaint.

126. CONA admits that Plaintiff seeks a declaratory judgment as described in Paragraph 126 of the Complaint. CONA denies the remaining allegations in Paragraph 126 of the Complaint. With respect to the Prayer for Relief, CONA denies that Plaintiff or members of the purported class are entitled to any relief.

127. CONA denies each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

128. Plaintiff and class members' claims are barred, in whole or in part, for failure to state a claim.

## SECOND AFFIRMATIVE DEFENSE

129. Plaintiff and class members' claims are barred, in whole or in part, for lack of standing.

## THIRD AFFIRMATIVE DEFENSE

130. Plaintiff and class members' claims are barred, in whole or in part, by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

131. Plaintiff and class members' claims are barred, in whole or in part, on the grounds of laches, waiver, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

132. Plaintiff and class members' claims are barred, in whole or in part, due to Plaintiff and class members' failure to mitigate damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

133. Plaintiff and class members' claims are barred, in whole or in part, by accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

134. Plaintiff and class members' claims for attorneys' fees and punitive damages are barred, in whole or in part, because they have no basis in law or fact.

## EIGHTH AFFIRMATIVE DEFENSE

135. Plaintiff and class members' claims are barred, in whole or in part, by Plaintiff's failure to plead with particularity.

## NINTH AFFIRMATIVE DEFENSE

136. Plaintiff and class members' claims are barred, in whole or in part, because such claims are preempted by federal law.

## TENTH AFFIRMATIVE DEFENSE

137. Plaintiff and class members' claims are barred, in whole or in part, to the extent that any harm was the result of the actions or inactions of third persons.

## ELEVENTH AFFIRMATIVE DEFENSE

138. If any damages were sustained by Plaintiff or class members, such damages must be offset in whole or in part by amounts owed and unpaid for services rendered and/or for reimbursements of sums already paid or credited to Plaintiff or class members by CONA.

139. CONA reserves and reasserts all affirmative defenses available under any applicable law, including state law and the Federal Rules of Civil Procedure, and reserves the right to assert additional or different defenses, based upon additional evidence developed in discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, CONA requests that the Court dismiss Plaintiff and class members' remaining claims with prejudice and grant such other relief as this Court deems just and proper.

Dated: New York, New York
April 23, 2010

        HUNTON & WILLIAMS LLP

By:   /s/ Brian V. Otero
      Brian V. Otero
      Ryan A. Becker
      200 Park Avenue -- 52nd Floor
      New York, New York 10166
      Tel. (212) 309-1000
      botero@hunton.com
      rbecker@hunton.com

      Neil K. Gilman (admitted pro hac vice)
      1900 K Street, N.W.
      Washington, D.C. 20006
      Tel: (202) 955-1500
      ngilman@hunton.com

      Attorneys for Defendant Capital One, N.A.

## **DECLARATION OF SERVICE**

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

That on April 23, 2010, I served a true copy of the attached Capital One, N.A.'S Answer to the Class Action Complaint, upon plaintiffs' counsel at the addresses listed below, via First Class Mail, by depositing same in a duly enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2010.

/s/ Bradford C. Mulder
Bradford C. Mulder

Joseph S. Tusa, Esq.
Paul C. Whalen, Esq.
WHALEN & TUSA, P.C.
33 West 19th Street, 4th Floor
New York, New York 10011


Joseph P. Guglielmo, Esq.
SCOTT + SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, New York 10019