# WHALEN & TUSA, P.C.

### *A New York Professional Corporation*
### *Attorneys and Counselors at Law*

33 West 19ᵗʰ Street, 4ᵗʰ Floor
New York, NY 10016
Telephone: (212) 400-7100
Facsimile: (212) 658-9685

May 27, 2010

**BY ECF FILING AND OVERNIGHT MAIL**

Honorable A. Kathleen Tomlinson , USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

Re:     *Gunther v. Capital One, N.A.;* Civil Action No. 09-cv-2966 (ADS) (AKT)

Dear Judge Tomlinson:

We represent Plaintiff in the referenced putative class action. Pursuant to Federal Rules 26, 33 and 37, Local Rule 37.1 and the Individual Motion Practices of this Court, Plaintiff moves to compel defendant Capital One, N.A. ("CONA") to answer or supplement its responses to certain interrogatories served by Plaintiff. Counsel for the parties met and conferred telephonically on April 28, 2010 concerning CONA's interrogatory and document responses, after which time CONA agreed to produce supplemental responses, if any, by May 5, 2010.[1] CONA did not produce any supplemental interrogatory responses or documents after the parties' meet and confer. CONA's counsel was advised on May 21, 26 and 27, 2010 that Plaintiff would be filing this motion.

**Procedural History**

Plaintiff Eric Gunther ("Plaintiff") filed his *Class Action Complaint* on July 10, 2009 alleging CONA unlawfully charged him three types of fees, namely Undeliverable Mail Fees (also alleged on behalf of a class), Not-Sufficient Funds  / Overdraft / Uncollected Fees (*i.e.* overdraft fees) and Foreign ATM Fees. In lieu of an answer, defendants CONA and Capital One Financial Corporation filed motions to dismiss certain of Plaintiff's claims. Defendants did not move to dismiss Plaintiffs' claims for violations of the New Jersey Consumer Fraud Act. On April 8, 2010, Judge Spatt granted in part and denied in part Defendants' motions to dismiss. *See Gunther v. Capital One Bank, N.A.*, 2010 U.S. Dist. LEXIS 35465 (E.D.N.Y. April 8, 2010) (*Docket No. 34*). CONA filed an answer on April 23, 2010. Plaintiff filed his *First Amended Class Action Complaint* on May 17, 2010 (*Docket No. 38*), the operative complaint in this action.

This Court entered a Case Management and Scheduling Order on November 18, 2009. *Docket No. 25.* That Order set a December 21, 2009 deadline to serve all document and interrogatory requests. Plaintiff served his first requests for documents and interrogatory responses

---

1       Pursuant to Local Rule 37.1, attached as Exhibit 1 are CONA's interrogatory responses discussed herein.

*WHALEN & TUSA, P.C.*

on September 21, 2009 and his second requests for documents and interrogatories on December 21, 2009.  After a few adjournments while the parties to pursued settlement discussions, this Court entered an Amended Case Management and Scheduling Order on March 29, 2010.  *Docket No. 31*. The Amended Scheduling Order established a discovery completion deadline of July 31, 2010.  The parties are continuing to discuss a potential settlement of this action.

## The Federal Discovery Standards

The Federal Rules establish a liberal discovery standard.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Rule 26(b)(1) permits discovery of "any matter, not privileged that is relevant to the claim or defense of any party …."  Information is discoverable if there is "any possibility" it may be relevant to an action.  *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991).  Relevant discovery includes "any matter" that bears on any issue that "is or may be in the case."  *Id.*  Information need not be admissible to be discoverable, so long as it is "reasonably calculated" to lead to admissible evidence. *United States v. Select Aviation Corp.*, 2006 U.S. Dist. LEXIS 67701, *2-3 (E.D.N.Y. Sept. 20, 2006).  "Reasonably calculated" means "*any possibility* that the information sought may be relevant to the subject matter of the action."  *In re Ashanti Goldfields Sec. Litig.*, 213 F.R.D. 102, 107 (E.D.N.Y. 2003) (emphasis in original).

## Interrogatory No. 3

Plaintiff alleges that he was unlawfully charged at least fifteen Undeliverable Mail Fees by CONA.  *See Docket No. 38 at ¶¶ 8, 16, 39-43*.  In Interrogatory No. 3, Plaintiff requests an explanation as to why CONA charged him each of those fees.  CONA responded that the fees were charged because "a mailing from CONA to him was returned as undeliverable."  Plaintiff is entitled to additional specification other than "a mailing" was undeliverable.  CONA presumably had a precise mailing in mind each time it charged Plaintiff an Undeliverable Mail Fee.  Plaintiff seeks that information.  *See Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 292 (E.D.N.Y. 2008) (Tomlinson, M.J.) ("Plaintiff has the right to test Defendants' proffered defenses.").

## Interrogatory Nos. 5

Interrogatory 5 requests the knowledge possessed by CONA employees <u>identified by CONA</u> in its Rule 26(a) disclosures.  CONA provided single sentence responses for the four employees it identified in response to Rule 26(a), including a vague response that two of employees possess knowledge about "various deposit account fees."  Plaintiff is entitled to more specific responses concerning the employees indentified by CONA as possessing knowledge about this lawsuit so that his counsel can make informed decisions as to which CONA employees should be deposed.

## Interrogatory No. 6

This interrogatory requests the names of the CONA employees who have communicated with Plaintiff.  In response, CONA listed a single employee identified in Plaintiff's Rule 26(a) disclosure. CONA should be compelled to supplement its response insofar as it has not diligently attempted to respond to this interrogatory.  For example, CONA has omitted the names of CONA employees that responded to Plaintiff's email complaints, both known to CONA and apparent from Plaintiff's

document production.  Obfuscating matters further, CONA has failed to produce its electronic and computer files concerning Plaintiff's account, which should contain the names of the CONA employees that communicated with Plaintiff and the dates of such communications.  CONA is required to perform a diligent search of its files to respond fully to Interrogatory No. 6.  *See Ehrlich v. Inc. Vill. of Sea Cliff*, 2007 U.S. Dist. LEXIS 40216 (E.D.N.Y. June 1, 2007) (Tomlinson, M.J.) (parties required to supplement identification of persons with knowledge about lawsuit).

**Interrogatory No. 18**.

In his motion to dismiss decision, Judge Spatt recognized that Plaintiff's allegation that CONA's statements in press releases and marketing materials may be actionable under Plaintiff's New Jersey Consumer Fraud Act and New York GBL §349 claims.  *Docket No. 34 at 14*. Interrogatory 18 requests the name of the person(s) who authored and/or approved a specific press release entitled "FAQ Regarding Bank Name Change."  CONA objects that it cannot identify the reference press release.  To aid CONA, the referenced release is attached hereto as Exhibit 3. CONA's other objections are contrary to Judge Spatt's decision and the federal discovery rules.

**Interrogatories 19 and 20**

These interrogatories seek the identification of changes made by CONA in response to recommendations and proposed rule changes issued by federal banking regulators in 2005 and 2008 concerning overdraft fee policies, practices and procedures.  *See Docket No. 38 at ¶¶ 51-53, 57*. CONA has produced no substantive response to either interrogatory.  As it pertains to overdraft fees imposed multiple times in 2008 by CONA on Plaintiff, and disputed by him in this lawsuit, CONA's relevance objection is without merit.  *See Docket No. 38 at ¶¶ 5, 16, 28-30*.  CONA's privilege objections should be overruled as inapposite to Interrogatories 19 and 20, and because CONA has failed to timely produce the information required by Rule 26(b)(5) and Local Rule 26.2(a) and (c).

**Interrogatory No. 25.**

Plaintiff requests CONA disclose its document retention and destruction polices, practices and procedures applicable to its deposit account clients' documents.  *See Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 441 (E.D.N.Y. 2008).  Plaintiff's request is particularly pertinent considering CONA's response to Interrogatory No. 7, asking CONA to identify documents received from the United States Post Office confirming that any document mailed by CONA to Plaintiff was "undeliverable."  Even though CONA charged Plaintiff Undeliverable Mail Fees as recent as March 2009, CONA responded that it "is no longer in possession of the specific documents returned by the USPS relating to Plaintiff's account."  CONA's paper and electronic document retention and destruction policies are relevant to its bases for charging Plaintiff and putative class members the CONA account fees challenged in this lawsuit, and all parties' access to supporting documents.

Respectfully yours,
/s/
Joseph S. Tusa (JT-9390)

cc:      Counsel of Record (by ECF Filing)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
ERIC GUNTHER, individually and on                   :
behalf of all others similarly situated,            :
                                                    :
                    Plaintiff,                      :
                                                    :
                - against -                         :    No. 09-2966-ADS-AKT
                                                    :
CAPITAL ONE, N.A., d/b/a CAPITAL                    :
ONE BANK and CAPITAL ONE                            :
FINANCIAL CORPORATION,                              :
                                                    :
                    Defendants.                     :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CAPITAL ONE, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Capital One, N.A. ("CONA"), hereby responds and objects to Plaintiff's First

Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      CONA objects to the Interrogatories to the extent they purport to impose

obligations on CONA that are greater than, or inconsistent with, those imposed by the Federal

Rules of Civil Procedure and any local rules or orders of the Court.

2.      CONA objects to the Interrogatories to the extent they purport to require CONA

to search electronically stored information that is not reasonably accessible.

3.      Defendant reserves the right to amend or supplement these responses as and when

additional relevant information becomes available.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

Identify the number of deposit account holders who maintained a deposit account with CONA in the states of New York, New Jersey and Connecticut on February 1, 2008.

### RESPONSE AND OBJECTION TO INTERROGATORY NO. 1

In addition to its General Objections, each of which is incorporated herein, CONA

objects to this Interrogatory as unduly burdensome inasmuch as it would require CONA to

search electronic data that it is not reasonably accessible. CONA further objects to this

Interrogatory on the grounds that it seeks information not relevant to any claim or defense

inasmuch as the date identified in the interrogatory is arbitrary and has no relation to the claims

or defenses in the litigation. Subject to and without waiving its General Objections, each of

which is incorporated herein, CONA states that 999,453 deposit account holders in the states

identified maintained a deposit account, as defined in the interrogatories, with CONA on March

10, 2008.

### INTERROGATORY NO. 2

Identify the number of deposit account holders in the states of New York, New Jersey and Connecticut who were mailed the documents attached at Exhibit 2 to the September 11, 2009 *Declaration of Brian V. Otero In Support of Capital One, N.A.'s Motion to Dismiss*, filed in this action.

### RESPONSE AND OBJECTION TO INTERROGATORY NO. 2

Subject to and without waiving its General Objections, each of which is incorporated

herein, CONA states that copies of the documents attached as Otero Exhibit 2 were mailed to

1,099,995 deposit account holders in the states identified.

### INTERROGATORY NO. 3

Explain why Plaintiff was charged and/or assessed each of the "undeliverable mail fees" listed and/or discussed in the *Class Action Complaint* filed in this action.

## RESPONSE AND OBJECTION TO INTERROGATORY NO. 3

Subject to and without waiving its General Objections, each of which is incorporated

herein, CONA states that Plaintiff was charged undeliverable mail fees on his account because a

mailing from CONA to him was returned to CONA as undeliverable.

## INTERROGATORY NO. 4

Identify the names of current and former CONA employees at the managerial level and above,
along with their titles and/or area of responsibility, who possess knowledge as to when or how
CONA charges or assesses an "undeliverable mail fee" to a deposit account holder located in
New York, New Jersey or Connecticut.

## RESPONSE AND OBJECTION TO INTERROGATORY NO. 4

In addition to its General Objections, each of which is incorporated herein, CONA

objects to this interrogatory as overbroad and unduly burdensome insofar as CONA has several

hundred current and former employees "at the managerial level and above," and the Interrogatory

therefore purports to require CONA to ask each and every one of these persons about their

knowledge of CONA's practices and procedures regarding undeliverable mail fees. CONA

further objects to this Interrogatory as overbroad insofar as it asks CONA to identify each and

every current or former managerial-level employee who possesses any knowledge whatsoever

regarding CONA's assessment of undeliverable mail fees, no matter how trivial their knowledge

may be and regardless of their involvement in the charging of such fees. Subject to and without

waiving its General and Specific Objections, each of which is incorporated herein, CONA

identifies the following employees as having knowledge regarding CONA's assessment of

undeliverable mail fees to deposit account holders in the states identified:

- Colleen Duplass -- Deposit Product Consultant, Branch Deposit Product Management.
- Gagan Kanjlia -- Director of Branch Deposit Product Management.

-3-

- Melissa Padula -- Assistant Vice President for Branch Operations.

Dated: New York, New York
October 26, 2009

As to Objections:

HUNTON & WILLIAMS LLP

By: $\quad$ 

Brian V. Otero
Ryan A. Becker
200 Park Avenue -- 52nd Floor
New York, New York 10166
Tel. (212) 309-1000
botero@hunton.com
rbecker@hunton.com

Neil K. Gilman (admitted pro hac vice)
1900 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 955-1500
ngilman@hunton.com

Attorneys for Defendant Capital One, N.A.

-4-

## VERIFICATION

COMMONWEALTH OF VIRGINIA  )
                                    ) ss:
COUNTY OF FAIRFAX             )

        I, Gagan Kanjlia, hereby certify that I am Director of Branch Deposit Development for

Capital One, N.A. ("CONA"); that while I do not have personal knowledge of all of the facts

recited in the foregoing Objections and Responses to Plaintiff's First Set of Interrogatories, the

information contained in such responses has been collected and made available to me by others,

and the information is true to the best of my knowledge and belief based upon the information

made available to me, and that therefore, the foregoing response to Interrogatories are verified on

behalf of CONA in this litigation.

                                       _____
                                       Gagan Kanjlia

Subscribed and sworn before me this 26th day of October, 2009.

                                       _____
                                       Notary Public

                                 My Commission Expires: _02/28/2011_
                                 _Comm. # 7097821_

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC GUNTHER, individually and on behalf of all others similarly situated, | Civil Action No. 09-cv-2966 (ADS) (AKT) |
| Plaintiff, | Arthur D. Spatt, USDJ A. Kathleen Tomlinson, USMJ |
| v. | |
| CAPITAL ONE, N.A. d/b/a CAPITAL ONE BANK and CAPITAL ONE FINANCIAL CORPORATION, | |
| Defendants. | |

## DEFENDANT CAPITAL ONE, N.A.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules")

and the Local Rules for the Southern and Eastern Districts of New York ("Local Rules"), Capital

One, N.A. d/b/a/ Capital One Bank ("CONA"), by its counsel, Hunton & Williams LLP, hereby

responds and objects to Plaintiff's Second Set of Interrogatories as follows.

## GENERAL OBJECTIONS & LIMITATIONS

1.      CONA objects to the Interrogatories to the extent they purport to impose

obligations on CONA that are greater than, or inconsistent with, those imposed by the Federal

Rules, the Local Rules or any orders of the Court.

2.      CONA objects to each Interrogatory to the extent it requires CONA to search

and/or produce electronically stored information that is not reasonably accessible.  CONA

generally has summarized its electronic discovery procedures and plans in Exhibit A to the

Federal Rule of Civil Procedure 26(f) Joint Report and Proposed Discovery Plan filed by Capital

One Financial Corporation ("COF"), CONA, and Plaintiff (collectively, "the Parties") with the

Court on November 12, 2009, which is incorporated by reference.

     3.     CONA objects to each Interrogatory to the extent that it seeks information that is

protected from disclosure by any applicable privilege, including the attorney-client privilege and

the attorney work-product doctrine.  CONA and its counsel hereby assert such privileges to the

extent they apply.

     4.     CONA reserves the right to supplement or modify its General and Specific

Objections to the Interrogatories.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Interrogatory No. 5.**

     For each person listed in Section A of CONA's Federal Rule 26(a) Initial Disclosures,
describe the information and categories of information each person possesses concerning
Plaintiff's claims and/or CONA's defenses to Plaintiff's claims.

**RESPONSE**

     Subject to its General Objections, each of which is incorporated herein, CONA states as

follows:

- Rachel S. Beck:  Ms. Beck has knowledge regarding the mailing and distribution of
  account information and disclosures to customers of North Fork Bank and Superior Bank
  in 2008.

- Colleen Duplass: Ms. Duplass has knowledge regarding CONA's assessment of various
  deposit account fees.

- Gagan Kanjlia: Mr. Kanjlia has knowledge regarding CONA's assessment of various
  deposit account fees.

- Melissa Padula: Ms. Padula has knowledge regarding CONA's branch operations and
  customer information system.

2

**Interrogatory No. 6.**

List the names of all current and former employees of North Fork Bank and/or CONA who communicated with Plaintiff, and for those persons listed, identify how they communicated with Plaintiff (e.g. in-person, telephone, letter, facsimile, e-mail), the date of the communication and the substance of the communication.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA objects to Interrogatory No. 6 on the grounds that, as written, it is overly broad and unduly burdensome insofar as it purports to seek the names of "all" current and former employees of North Fork Bank and/or CONA who communicated with Plaintiff, regardless of how trivial the communication may have been. CONA further objects to this Interrogatory to the extent that it is not limited to communications concerning matters relevant to this litigation, and therefore seeks information that is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to its General and Specific Objections, CONA states that, based on its investigation to date, it has identified Denise Vazquez as a CONA employee who communicated with Plaintiff regarding matters relevant to this litigation.

**Interrogatory No. 7.**

Identify any information by date and substance received by CONA from the United States Post Office or any other third party indicating that mail sent by CONA to Plaintiff was returned as undeliverable.

**RESPONSE**

Subject to its General Objections, each of which is incorporated herein, CONA states that it is no longer in possession of the specific documents returned by the USPS relating to Plaintiff's account.

3

10, 2008. CONA further states that Rachel S. Beck was responsible for coordinating the work of

Mosaic Marketing, who coordinated the work of Superior Mailing Services, Inc. on behalf of

CONA.

### Interrogatory No. 18.

Identify the person(s) who authored and/or approved the document styled North Fork
Bank and Superior Bank are becoming Capital One Bank and sub-titled "FAQ Regarding Bank
Name Change."

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Interrogatory No. 18 on the grounds that, to the extent it seeks information relating to

Superior Bank, the information requested is neither relevant to any claim or defense nor

reasonably calculated to lead to the discovery of admissible evidence. Plaintiff did not have an

account with Superior Bank, and the purported class concerning overdraft fees is predicated on

CONA's alleged failure to provide notice as required by the Truth in Savings Act ("TISA"), and

Defendants have provided substantial information to Plaintiff's counsel disproving Plaintiff's

claim on this issue. CONA further objects to this Interrogatory as vague insofar as the document

description is insufficient for CONA to identity the referenced document with any certainty, so

CONA is unable to provide the requested information.

### Interrogatory No. 19.

Identify all changes in CONA's policies, practices, procedures, contracts or agreements
adopted or implemented by CONA to conform with or in response to the guidance or "best
practices" identified in the *Joint Guidance on Overdraft Protection Programs* issued by Office
of the Comptroller of the Currency, Federal Reserve Board, Federal Deposit Insurance
Corporation and National Credit Union Administration on or about February 18, 2005.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Interrogatory No. 19 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it asks CONA to identify "all" changes in CONA's policies, practices,

procedures, contracts or agreements adopted or implemented by CONA to conform with or in

response to the guidance or "best practices" identified in the *Joint Guidance on Overdraft*

*Protection Programs.* CONA objects to the Interrogatory on the grounds that it seeks

information that is neither relevant to any claim or defense nor reasonably likely to lead to the

discovery of admissible evidence. CONA also objects to this Interrogatory on the grounds that it

seeks documents and information protected by privilege, including the attorney-client privilege.

CONA further objects to the Interrogatory insofar as CONA frequently makes changes to its

policies and practices, and identifying each change adopted to "conform with or in response to"

the identified document would be unduly burdensome, particularly insofar as the phrase

"conform with or in response to" is vague and ambiguous.

.

## Interrogatory No. 20.

Identify all changes in CONA's policies, practices, procedures, contracts or agreements
adopted or implemented by CONA to conform with or in response to the *Proposed Amendments
to Regulation AA (Unfair or Deceptive Acts or Practices), Regulation Z (Truth in Lending), and
Regulation DD (Truth in Savings)* issued by Federal Reserve Board of Governors on or about
April 28, 2008.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to

Interrogatory No. 20 on the grounds that, as written, it is overly broad and unduly burdensome

insofar as it asks CONA to identify "all" changes in CONA's policies, practices, procedures,

contracts or agreements adopted or implemented by CONA to conform with or in response to the

*Proposed Amendments to Regulation AA (Unfair or Deceptive Acts or Practices), Regulation Z (Truth in Lending), and Regulation DD (Truth in Savings).* CONA further objects to the Interrogatory on the grounds that it seeks information that is neither relevant to any claim or defense nor reasonably likely to lead to the discovery of admissible evidence. CONA further objects to this Interrogatory on the grounds that it seeks documents and information protected by privilege, including the attorney-client privilege. CONA further objects to the Interrogatory insofar as CONA frequently makes changes to its policies and practices, and identifying each change adopted to "conform with or in response to" the identified document would be unduly burdensome, particularly insofar as the phrase "conform with or in response to" is vague and ambiguous..

### Interrogatory No. 21.

Explain why the *Consolidated Reports of Condition and Income for A Bank With Domestic and Foreign Offices — FFIEC - 031* filed by CONA with federal banking agencies or regulators for the quarter ending March 31, 2008, as amended on April 30, 2008, contains $0 for postage expense in Paragraph 2(e) of Schedule RI-E - EXPLANATIONS.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to Interrogatory No. 21 on the grounds that, as written, it is vague and ambiguous insofar as it does not allow CONA to make a reasonable determination as to what Plaintiff requires to "explain" the contents of the *Consolidated Reports of Condition and Income for A Bank With Domestic and Foreign Offices — FFIEC - 031* filed by CONA beyond what is already contained in that document.

Subject to its General and Specific Objections, CONA states that the FFIEC instructions require postage expenses to be reported in Paragraph 2(e) if the total expense exceeds 3% of Other Noninterest Expense as reported in Schedule RI. CONA reported "0" in Paragraph 2(e)

12

burdensome insofar as it purports to seek, without restriction, the identity of the computer systems and "any" paper or electronic data storage or retrieval systems necessary to identify and produce information related to the Miscellaneous Account Fees. CONA further objects to the Interrogatory on the grounds that, to the extent it seeks information on Miscellaneous Account Fees other than undeliverable mail fees, the information requested is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. The purported class concerning Miscellaneous Account Fee is predicated on CONA's alleged failure to provide notice as required by the Truth in Savings Act ("TISA"), and Defendants have provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue.

Subject to its General and Specific Objections, CONA refers Plaintiff to its Response and Objection to Interrogatory No. 23.

**Interrogatory No. 25.**

Describe CONA's document retention and/or destruction policies, practices and procedures applicable to deposit account client documents.

**RESPONSE**

Subject to its General Objections, each of which is incorporated herein, CONA states that its document retention policy with respect to deposit account client documents is to retain such documents for the length of time, and to the same extent, as required by applicable law.

15

Dated: April 2͞3͞, 2010
        New York, New York

As to Objections:

**HUNTON & WILLIAMS LLP**

Brian V. Otero
Ryan A. Becker
Hunton & Williams LLP
200 Park Avenue, 52nd Fl.
New York, NY 10166

Neil K. Gilman
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC 20006

Attorneys for Capital One, N.A.

16

## **VERIFICATION**

COMMONWEALTH OF VIRGINIA )
                                ) ss:
COUNTY OF FAIRFAX          )

      I, Darrell C. Dragon, hereby certify that I am Vice President in Consumer Deposit Operations for Capital One, N.A. ("CONA"); that while I do not have personal knowledge of all of the facts recited in the foregoing Objections and Responses to Plaintiff's Second Set of Interrogatories, the information contained in such responses has been collected and made available to me by others, and the information is true to the best of my knowledge and belief based upon the information made available to me, and that therefore, the foregoing responses to Interrogatories are verified on behalf of CONA in this litigation.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on April 23, 2010.

                                       _____, VP- Consumer Deposit Operations

                                Darrell C. Dragon

17

# EXHIBIT 3



## North Fork Bank and Superior Savings are becoming Capital One Bank

| North Fork Customers | Superior Savings Customers |

**FAQ Regarding Bank Name Change**

1. Can I keep using my current checks?
2. Can I keep using the same ATM card or debit card and PIN?
3. Can I keep the same account numbers?
4. Do I need to change my direct deposit information?
5. What do I need to know about Online Banking?
6. Where does Capital One Bank have branches and ATMs?
7. Can I keep using my current passbooks?
8. Will I still have overdraft protection?
9. What phone number should I use for customer service?
10. Will the web site be changing?

**FAQ Regarding Bank Name Change**

**1. Can I keep using my current checks?**

Yes. Your current North Fork Bank or Superior Savings checks will continue to be honored. The next time you reorder, we will send you new checks with the Capital One Bank name and logo. The routing number will remain the same.

Back to top

**2. Can I keep using the same ATM card or debit card and PIN?**

Yes. Continue to use your same ATM card or debit card and PIN. Shortly before your current debit card expires, we'll send you a new card with the Capital One Bank name.

Personal banking customers will automatically be upgraded to MasterCard® Platinum debit card benefits.

Back to top

**3. Can I keep the same account numbers?**

Yes, most customers will keep the same account numbers. If you are one of the very few customers assigned a new account number, you will be contacted directly.

Back to top

**4. Do I need to change my direct deposit information?**

No. Automatic transfers, ACH payments and wire transfer information remain the same.

Back to top

**5. What do I need to know about Online Banking?**

Online Banking will continue to be secure, easy-to-use, and available to you 24/7— all without charge. Online Banking features a new look, easy-to-navigate screens, Online Bill Payment Service, Bank-to-Bank Money Movement, Mobile Banking, Account Alerts and more.

Beginning Monday, March 10, 2008

• Your online banking service will automatically be converted to Capital One Online Banking.
• Use your same Customer ID (User ID) and Password to log in to Online Banking from the home page of capitalonebank.com.
• Access your same accounts online.

More detailed information about Online Banking will be mailed to you prior to the automatic transition of your online banking information.
View Demo of Online Banking

Back to top

**6. Where does Capital One Bank have branches and ATMs?**

With North Fork Bank and Superior Savings, Capital One Bank now has over 700 branches and 1,100 ATMs in New York, New Jersey, Connecticut, Virginia, Texas and Louisiana.

Beginning March 10, 2008, you can find branches and ATMs using our Branch/ATM Locator.

Back to top

**7. Can I keep using my current passbooks?**

Yes. When your passbook is full, you will receive a new passbook with the Capital One Bank name and logo.

Back to top

**8. Will I still have overdraft protection?**

**CapitalOne.com**

Home
Credit Cards
Auto Loans
Banking
Home Loans
Healthcare Finance
Personal Loans
Small Business
Commercial

**Corporate Information**

About Capital One
Contact Us
Careers
Investors
Press
Financial Education

Canada
UK
Site Map

**Legal**

Privacy
Security
Terms and Conditions

**MEMBER FDIC**

Equal Housing
Lender

Branch bank services and products are offered by Capital One, N.A., a subsidiary of Capital One Financial Corporation.

Capital One, N.A., Member FDIC. Capital One Bank is used as a trade name of Capital One, N.A., and does not refer to a separately insured institution. ©2008 Capital One Services, Inc. Capital One is a federally registered service mark. All rights reserved.