# WHALEN & TUSA, P.C.

*A New York Professional Corporation*
*Attorneys and Counselors at Law*

**33 West 19th Street, 4th Floor**
**New York, NY  10016**
**Telephone: (212) 400-7100**
**Facsimile:   (212) 658-9685**

May 28, 2010

**BY ECF FILING AND OVERNIGHT MAIL**

Honorable A. Kathleen Tomlinson , USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722-9014

Re:   *Gunther v. Capital One, N.A.;* Civil Action No. 09-cv-2966 (ADS) (AKT)

Dear Judge Tomlinson:

We represent Plaintiff in the referenced putative class action.  Pursuant to Federal Rules 26, 34 and 37, Local Rule 37.1 and the Individual Motion Practices of this Court, Plaintiff moves to compel Defendant Capital One, N.A. ("CONA") to produce the documents requested in Plaintiff's First and Second Requests for Production of Documents.[1]  Counsel for Plaintiff met and conferred with CONA's counsel on April 28, and on May 23, 26 and 27, advised counsel that Plaintiff would file this motion.  Plaintiff served his 1st RFP on September 21, 2009 and his 2nd RFP on December 21, 2009.  CONA served its responses and objections on October 26, 2009 and April 16, 2010.  Plaintiff adopts the Procedural History and Federal Discovery Standards from his May 27, 2010 motion to compel interrogatory responses.

***Refusal to Produce Documents*** *(1st RFP Nos. 4 and 5, 2nd RFP Nos. 2, 12, 18-23, 25, 26, 31, 32, 37, 38, 39, 40, 41, 42-45, 49, 50, 57)*

CONA has produced a total of 673 pages, substantially less than Plaintiff, mostly comprising account statements and form disclosure documents.  CONA's production is devoid of any internal policy documents, data or e-mail[2] responsive to Plaintiff's requests for documents.  For example, CONA refuses to produce the insurance policy it identified in its Rule 26(a) disclosures (2nd RFP No. 2), putative class member complaints about the Undeliverable Mail Fees  (1st RFP No. 5, 2nd RFP No. 37), press releases and marketing materials relating to Plaintiff's overdraft claim (2nd RFP Nos. 25-26, 31-32); Board minutes (2nd RFP No. 50), and operating manuals for any software programs identified in CONA's Rule 26(a) and interrogatory responses (2nd RFP No. 57).  For the

---

1       Pursuant to Local Rule 37.1, attached as Exhibits 1 and 2 are CONA's written responses and objections to Plaintiff's First and Second Requests for Production ("1st RFP" "2nd RFP").

2       Local Rule 26.3(c)(2) and Fed. R. Civ. P. 34 clearly define "document" as including e-mail.

majority of these requests, CONA provides boilerplate objections that the requests are vague, ambiguous, burdensome, or seek irrelevant information. *See, e.g.*, 2nd RFP Nos. 12, 37-39, 50 and 57. CONA's objections ignore the federal rules, Plaintiff's operative pleading and Judge Spatt's motion to dismiss decision. For example, CONA's refusal to produce its insurance policy is violative of Rule 26(a)(1)(A) and Local Rule 26.1. *See Boyer v. Riverhead Cent. Sch. Dist.*, 2006 U.S. Dist. LEXIS 93917, *4 (E.D.N.Y. Dec. 29, 2006) (Tomlinson, M.J.). Additionally, there is simply no basis to withhold documents such as class member complaints and Board minutes concerning the fees at issue in this case. See *In re Dow Corning Corp.*, 261 F.3d 280, 283-84 (2d Cir. 2001) (board minutes discoverable and compelled by district court); *Brodsky v. Humana, Inc.*, 2009 U.S. Dist. LEXIS 58087, *9-10 (N.D. Ill. July 8, 2009) (compelling production of putative class member complaints); *Haensel v. Chrysler Corp.*, 1997 U.S. Dist. LEXIS 13160, *29 (E.D. La. Aug. 22 1997) (granting motion to compel and noting that "customer complaints are routinely held discoverable").

Plaintiff's also request documents and data sufficient to identify members of the putative class who paid disputed Undeliverable Mail Fees to CONA, along with current or last-known email and mailing addresses (1st RFP No. 4, 2nd RFP Nos. 12). *See Armamburu v. Healthcare Fin. Servs.*, 2007 U.S. Dist. LEXIS 49039, *2-3, 7-8 (E.D.N.Y. July 6, 2007) (compelling information about "the number of prospective class members, including their names and addresses"). In its response to Interrogatory No. 10, CONA disclosed it collected $3,277.792.31 in Undeliverable Mail Fees from the putative class, net of refunds. In 1st RFP No. 4 and 2nd RFP Nos. 38 and 39, Plaintiff seeks documents used to derive the $3,277.792.31 amount, necessary to determine the injury suffered by each class member. CONA refuses to produce these documents at this time, but the Amended Scheduling Order does not afford a later opportunity to obtain such documents.

CONA also objects to producing any documents it has provided to governmental bank regulators concerning federal laws and regulations related to fees disputed by Plaintiff in this case (2nd RFP Nos. 42-45). This issue is related to CONA's refusal to respond to Interrogatory Nos. 19 and 20 and the discovery rationale requiring production of these documents is the same. To the extent CONA raises claims of attorney-client and work product privilege, such claims are routinely rejected as waived for documents produced to government regulators. *See In re Steinhardt Partners L.P.*, 9 F.3d 230, 234 (2d Cir. 1993); *Bank of Am., N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 168 (S.D.N.Y. 2002); *In re Lupron Mktg. and Sales Practices Litig.*, 2004 U.S. Dist. LEXIS 7812, *4-5 (D. Mass. Mar. 17, 2004); *In re Bank One Sec. Litig.*, 209 F.R.D. 418, 423-25 (N.D. Ill. 2002). CONA's attorney-client and work product privilege objections also fail to comply with Rule 26(b)(5) and Local Rule 26.2(a) and (c).

CONA also refuses to produce organization charts listing the names and titles of those individuals responsible for the policies related to the fees challenged in this lawsuit. *See* 2nd RFP No. 49. Contrary to CONA's objections, courts routinely permit such discovery. *See Funai Elec. Co., Ltd. v. Orion Elec. Co., Ltd.*, Nos. 2002 U.S. Dist. LEXIS 14466 *18-19 (S.D.N.Y. Aug. 6, 2002). Moreover, Federal Rule 26(a) requires disclosure of "each individual" likely to have knowledge of Plaintiff's allegations. Lastly, CONA refuses to produce marketing materials and press releases describing its deposit accounts as "free" (2nd RFP Nos. 40-41) arguing that such claims were dismissed by Judge Spatt. To the contrary, while dismissing certain contract claims, Judge Spatt expressly ruled that CONA's marketing may be deceptive. *See Docket No. 34 at 14*.

*WHALEN & TUSA, P.C.*

Plaintiff's claims for deceptive conduct that violates the New Jersey Consumer Fraud Act and New York's General Business Law §349 remain a part of this action.

***Failure to Produce Any Documents that CONA Agreed to Produce** (2nd RFP Nos. 29, 35, 36 46, and 53) **or its Partial Production of Documents it Agreed to Produce** (1st RFP Nos. 1-3 and 6, 2nd RFP Nos. 1, 14, 16,54, 55-56)*

CONA has agreed to produce many categories of documents, which have to date not been produced either at all, or only partially produced.  Given the aggressive discovery schedule entered by this Court, those documents must be produced. CONA agreed to produce but has not produced any document responsive to 2nd RFP Nos. 29, 35, 36, 46 and 53.  *See* Exhibit 2.

In response to may other document requests, CONA has produced some, but not all of the documents it agreed to produce.  Chief among these requests are those that pertain to Plaintiff individually (1st RFP No. 1; 2nd RFP No. 14).  CONA produced Plaintiff's account statements, but has withheld its electronic files concerning Plaintiff's account and his complaints to CONA.  CONA has likewise produced certain of its predecessors' (North Fork Bank and Superior Bank) internal documents concerning the fees disputed in this action, but no similar documents from CONA's files since it acquired those banks (1st RFP Nos. 2, 3 and 6; 2nd RFP 16).

CONA refuses to produce certain categories of documents at this time, claiming the requests are premature (2nd RFP Nos. 55 and 56). However, CONA cannot unilaterally withhold documents responsive to either request until after a class certification decision.  Given that this Court's Amended Scheduling Order established a discovery completion deadline of July 31, 2010, CONA must immediately produce all of the documents it agreed to produce so that these documents can be used in the discovery phase of the case.

As each of the categories of discovery discussed above is reasonably calculated to lead to the discovery of admissible evidence, Fed. R. Civ. P. 26(b)(1), Plaintiff respectfully requests that the Court grant Plaintiff's motion to compel.

Respectfully yours,

/s/

Joseph S. Tusa (JT-9390)

cc:      Counsel of Record (by ECF Filing)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                  :

ERIC GUNTHER, individually and on     :
behalf of all others similarly situated,    :
                                  :

           Plaintiff,               :

           - against -         :    No. 09-2966-ADS-AKT

CAPITAL ONE, N.A., d/b/a CAPITAL   :
ONE BANK and CAPITAL ONE       :
FINANCIAL CORPORATION,        :
                                  :

           Defendants.          :
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### CAPITAL ONE, N.A.'S RESPONSES AND OBJECTIONS
### TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

      Defendant Capital One, N.A. ("CONA"), hereby responds and objects to Plaintiff's First

Request for Production of Documents as follows:

### GENERAL OBJECTIONS & LIMITATIONS

1.    CONA objects to the Request to the extent it purports to impose obligations on

CONA that are greater than, or inconsistent with, those imposed by the Federal Rules of Civil

Procedure and any local rules or orders of the Court.

2.    CONA objects to the Request to the extent it requires CONA to search and/or

produce electronically stored information that is not reasonably accessible.

3.    CONA objects to the Request to the extent it seeks the production of documents

that are protected from disclosure by any applicable privilege, including the attorney-client

privilege and the attorney work-product doctrine. CONA and its counsel hereby assert such

privileges to the extent they apply.

4.     The inadvertent production of any privileged document shall not be deemed to be a waiver of any applicable privilege with respect to such document (or the contents thereof) or with respect to any other documents.

5.     CONA states that some of the documents it produces in response to the Request may contain proprietary, competitive, trade secret, or other sensitive information that would cause substantial harm to CONA if disclosed without restriction.  CONA therefore objects to the Request to the extent it calls for the production of documents before an appropriate protective order has been entered by the Court.  CONA will produce documents responsive to the Request, subject to these General Objections and the Specific Objections below, after a protective order acceptable to the parties is entered by the Court.

6.     CONA reserves the right to supplement or modify its General and Specific Objections to the Request.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST NO. 1:

All documents concerning Plaintiff and his deposit account with North Fork Bank and CONA.

### RESPONSE AND OBJECTION TO REQUEST NO. 1:

Subject to and without waiving its General Objections, each of which is incorporated herein, CONA will search for and produce the account records for Plaintiff's account.

### REQUEST NO. 2:

Documents sufficient to describe CONA's policies, practices and procedures for determining when it is appropriate to charge or assess an "undeliverable mail fee" to a deposit account holder or their account.

-2-

## RESPONSE AND OBJECTION TO REQUEST NO. 2

Subject to and without waiving its General Objections, each of which is incorporated herein, CONA will search for and produce non-privileged documents, if any, responsive to this request.

## REQUEST NO. 3:

Documents sufficient to describe the process by which CONA, including CONA's computer systems, outsider vendors, agents or contractors, identify, verify, charge and/or assess an "undeliverable mail fee" to a deposit account holder or their account.

## RESPONSE AND OBJECTION TO REQUEST NO. 3:

Subject to and without waiving its General Objections, each of which is incorporated herein, CONA will search for and produce non-privileged documents, if any, responsive to this request.

## REQUEST NO. 4:

Documents sufficient to identify each deposit account holder that Defendants or their predecessors in New York, New Jersey or Connecticut charged or assessed an "undeliverable mail fee" that fee [sic] should not have been charged or assessed, along with all documents evidencing or explaining why the "undeliverable mail fee" was charged or assessed, and the disposition of the "undeliverable mail fee" (i.e. retained, returned, credited-back) to the deposit account holder.

## RESPONSE AND OBJECTION TO REQUEST NO. 4:

In addition to its General Objections, each of which is incorporated herein, CONA objects to Request No. 4 on the grounds that, as written, it is overly broad and unduly burdensome. CONA also objects to this Request on the grounds that it is unable to identify

-3-

reasonably the documents being requested because the phrase "that fee should not have been charged or assessed" is vague and ambiguous.

## REQUEST NO. 5:

All complaints in whatever form made by deposit account holders in New York, New Jersey or Connecticut, or descriptions of complaints if the actual complaint is not maintained or the complaint was not made in writing, concerning the charge or assessment by Defendants or their predecessors in New York, New Jersey or Connecticut of an "undeliverable mail fee."

## RESPONSE AND OBJECTION TO REQUEST NO. 5:

In addition to its General Objections, each of which is incorporated herein, CONA objects to Request No. 5 on the grounds that, as written, it is overly broad and unduly burdensome. CONA further objects to the Request on the grounds that it seeks documents that are neither relevant to any claim nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 6:

Documents sufficient to describe the terms, conditions and fees of any overdraft program(s), product(s), service(s) or policy(ies) offered, used or maintained by North Fork Bank, Superior Savings of New England, NA, and/or CONA in the states of New York, New Jersey and/or Connecticut for deposit accounts, whether promoted or unpromoted, and whether or not overdraft coverage was mandatory or a courtesy provided by North Fork Bank, Superior Savings of New England, NA, and/or CONA.

## RESPONSE AND OBJECTION TO REQUEST NO. 6:

In addition to its General Objections, each of which is incorporated herein, CONA objects to Request No. 6 as overly broad and unduly burdensome insofar as it seeks, without time

-4-

limitation, documents describing the terms, conditions and fees of overdraft programs offered by each of three banks in three different states. CONA also objects to this Request because it seeks documents governing contractual relationships between CONA and individuals not party to this suit and therefore seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Subject to its General and Specific Objections, CONA avers that the terms and conditions of the overdraft feature of Plaintiff's account are described in CONA 000086-88.

## REQUEST NO. 7:

Copies of any survey responses or other responses or data provided by North Fork Bank, Superior Savings of New England, NA and/or Defendants to the FDIC in connection with the *FDIC Study of Bank Overdraft Programs*, the Executive Summary of which Study is attached hereto as Exhibit 1 and which states in part on page ii: "Data and information for the FDIC's study were gathered through a survey of a sample of institutions representing 1,171 FDIC-supervised banks, and separate data request of customer accounts and transaction-level date from a smaller set of 39 institutions."

## RESPONSE AND OBJECTION TO REQUEST NO. 7:

Subject to and without waiving its General Objections, CONA states that none of the entities identified in this Request participated in the survey referenced in the Request.

Dated: New York, New York
       October 26, 2009

HUNTON & WILLIAMS LLP

By:

Brian V. Otero
Ryan A. Becker
200 Park Avenue -- 52nd Floor
New York, New York 10166
Tel. (212) 309-1000
botero@hunton.com
rbecker@hunton.com

Neil K. Gilman (admitted pro hac vice)
1900 K Street, N.W.
Washington, D.C. 20006
Tel:  (202) 955-1500
ngilman@hunton.com

Attorneys for Defendant Capital One, N.A.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| ERIC GUNTHER, individually and on behalf of all others similarly situated, | Civil Action No.<br>09-cv-2966 (ADS) (AKT) |
|---|---|
| Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A. d/b/a CAPITAL ONE BANK and CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendants. | Arthur D. Spatt, USDJ<br>A. Kathleen Tomlinson, USMJ |

## DEFENDANT CAPITAL ONE, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules for the Southern and Eastern Districts of New York ("Local Rules"), Capital One, N.A. d/b/a/ Capital One Bank ("CONA"), by its counsel, Hunton & Williams LLP, hereby responds and objects to Plaintiff's Second Request for Production of Documents as follows.

## GENERAL OBJECTIONS & LIMITATIONS

1.      CONA objects to the Requests to the extent they purport to impose obligations on CONA that are greater than, or inconsistent with, those imposed by the Federal Rules, the Local Rules or any orders of the Court.

2.      CONA objects to each Request to the extent it requires CONA to search and/or produce electronically stored information that is not reasonably accessible. CONA has generally summarized its electronic discovery procedures and plans in Exhibit A to the Federal Rule of Civil Procedure 26(f) Joint Report and Proposed Discovery Plan filed by Defendants and

Plaintiff (collectively, "the Parties") with the Court on November 12, 2009, which is
incorporated by reference.

      3.      CONA objects to the Requests to the extent they seek the production of
documents that are protected from disclosure by any applicable privilege, including the attorney-
client privilege and the attorney work-product doctrine.  CONA and its counsel hereby assert
such privileges to the extent they apply.

      4.      The inadvertent production of any privileged document shall not be deemed to be
a waiver of any applicable privilege with respect to such document (or the contents thereof) or
with respect to any other documents.

      5.      The Responses and Objections herein are made solely on behalf of CONA
individually.  CONA objects to the Requests to the extent they purport to require CONA to
respond on behalf of any other entity, including Capital One Financial Corporation ("COF"),
particularly insofar as all claims against COF were dismissed by order of the Court on April 9,
2010.

      6.      CONA reserve the right to supplement or modify its General and Specific
Objections to the Requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

### Request No. 1.

All documents described or identified in Section B of CONA's and COF's Federal Rule 26(a) Initial Disclosures.

### RESPONSE

Subject to its General Objections, each of which is incorporated herein, CONA will

search for and produce non-privileged documents described or identified in Section B of

CONA's Federal Rule 26(a) Initial Disclosures.

### Request No. 2.

The insurance policy(ies) described or identified in Section D of CONA's and COF's Federal Rule 26(a) Initial Disclosures and copies of any other insurance policy(ies) that could be used to satisfy a claim or judgment in this action.

### RESPONSE

In addition to its General Objections, each of which is incorporated herein, CONA

objects to Request No. 2 on the grounds that it seeks documents that are neither relevant to any

claim or defense nor reasonably likely to lead to the discovery of admissible evidence. Subject

to its General and Specific Objections, CONA states that it is covered by a blended professional

liability insurance policy ("Blended Policy") that includes Employment Practices Liability (EPL)

and Bankers' Professional Liability (BPL) coverages, with a policy period from June 30, 2009

through June 30, 2010. Subject to the terms and conditions of the Blended Policy, the limits of

liability are $100,000,000 each claim, with $100,000,000 aggregate limit for the policy period.

The EPL retention is $5,000,000 each loss. The BPL retention is $25,000,000 each loss.

### Request No. 3.

All contracts or agreements, including amendments and supplements of such contracts or agreements, between or among Plaintiff and North Fork Bank or CONA, concerning Plaintiff's deposit account with North Fork and CONA.

3

**RESPONSE**

Subject to its General Objections, CONA will produce copies of all contracts, including

amendments or supplements, between Plaintiff and North Fork Bank or CONA relating to

Plaintiff's deposit account with the identified entities.

**Request No. 4.**

All documents that Defendants contend demonstrates that Plaintiff was mailed a notice or
disclosure that CONA's Miscellaneous Account Fees would increase as of March 10, 2008.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 4 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" documents showing that Plaintiff was sent the

referenced notice.  CONA further objects to this Interrogatory on the grounds that it seeks

documents that CONA has already provided to Plaintiff's counsel.  Subject to its General

Objections, CONA will produce non-privileged documents responsive to this Request.

**Request No. 5.**

All documents received by CONA from the United States Post Office or any other third
party stating that mail sent by CONA to Plaintiff was returned as undeliverable or was otherwise
undeliverable.

**RESPONSE**

Subject to its General Objections, CONA will produce non-privileged documents, if any,

responsive to this Request.

**Request No. 6.**

All forms of contracts or agreements, including amendments and supplements of such
contracts or agreements, between or among North Fork Bank and its deposit account clients.

4

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 6 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" forms of contracts or agreements, and

amendments and supplements of such contracts or agreements between or among North Fork

Bank and its deposit account clients. CONA further objects to Request No. 6 on the grounds that

it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to

lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an

undeliverable mail fee class; and 2) a TISA notice class. The second purported class is

predicated on CONA's alleged failure to provide notice as required by TISA. Defendants has

provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue.

North Fork's agreements with respect to customers other than Plaintiff are only relevant to the

extent they relate to the undeliverable mail fee class. Therefore, subject to its General and

Specific Objections, CONA will produce contracts and agreements between North Fork Bank

and deposit account clients during the time period identified in the Requests only to the extent

such agreements relate to undeliverable mail fees.

**Request No. 7.**

All forms of contracts or agreements, including amendments and supplements of such
contracts or agreements, between or among Superior Bank and its deposit account clients.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 7 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" forms of contracts or agreements, and

amendments and supplements of such contracts or agreements between or among Superior Bank

5

and its deposit account clients. CONA further objects to Request No. 6 on the grounds that it

seeks documents that are neither relevant to any claim or defense nor reasonably calculated to

lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an

undeliverable mail fee class; and 2) a Truth in Savings Act ("TISA") notice class. The second

purported class is predicated on CONA's alleged failure to provide notice as required by TISA.

has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this

issue. Superior Bank's agreements with respect to customers other than Plaintiff are only

relevant to the extent they relate to the undeliverable mail fee class. Therefore, subject to its

General and Specific Objections, CONA will produce contracts and agreements between

Superior Bank and deposit account clients during the time period identified in the Requests only

to the extent such agreements relate to undeliverable mail fees.

## Request No. 8.

All forms of contracts or agreements, including amendments and supplements of such
contracts or agreements, between or among CONA and its deposit account clients.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 8 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" forms of contracts or agreements, and

amendments and supplements of such contracts or agreements between or among CONA and its

deposit account clients. CONA further objects to Request No. 6 on the grounds that it seeks

documents that are neither relevant to any claim or defense nor reasonably calculated to lead to

the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an undeliverable

mail fee class; and 2) a Truth in Savings Act ("TISA") notice class. The second purported class

is predicated on CONA's alleged failure to provide notice as required by TISA. CONA has

6

provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue.

CONA's agreements with respect to customers other than Plaintiff are only relevant to the extent

they relate to the undeliverable mail fee class. Therefore, subject to its General and Specific

Objections, CONA will produce contracts and agreements between CONA and deposit account

clients in New Jersey, New York and Connecticut during the time period identified in the

Requests only to the extent such agreements relate to undeliverable mail fees.

### Request No. 9.

Copies of all notices and disclosures provided to deposit account clients who opened new
deposit accounts with North Fork Bank.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 9 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" notices and disclosures provided to deposit

account clients who opened new deposit accounts with North Fork Bank. CONA further objects

to Request No. 6 on the grounds that it seeks documents that are neither relevant to any claim or

defense nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in Savings Act

("TISA") notice class. The second purported class is predicated on CONA's alleged failure to

provide notice as required by TISA. CONA has provided substantial information to Plaintiff's

counsel disproving Plaintiff's claim on this issue. North Fork Bank's disclosures to new

customers other than Plaintiff are only relevant to the extent they relate to the undeliverable mail

fee class. Therefore, subject to its General and Specific Objections, CONA will produce new

customer notices and disclosures provided to Plaintiff, and notices and disclosures to new North

Fork Bank deposit account clients during the time period identified in the Requests only to the extent such agreements relate to undeliverable mail fees.

## Request No. 10.

Copies of all notices and disclosures provided to deposit account clients who opened new deposit accounts with Superior Bank.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 10 on the grounds that, as written, it is overly broad and unduly burdensome insofar as it purports to seek "all" notices and disclosures provided to deposit account clients who opened new deposit accounts with Superior Bank. CONA further objects to Request No. 10 on the grounds that it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in Savings Act ("TISA") notice class. The second purported class is predicated on CONA's alleged failure to provide notice as required by TISA. CONA has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue. Superior Bank's disclosures to new customers other than Plaintiff are only relevant to the extent they relate to the undeliverable mail fee class. Therefore, subject to its General and Specific Objections, CONA will produce notices and disclosures to new Superior Bank deposit account clients during the time period identified in the Requests only to the extent such agreements relate to undeliverable mail fees.

## Request No. 11.

Copies of all notices and disclosures provided to deposit account clients who opened new deposit accounts with CONA.

8

## RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 11 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" notices and disclosures provided to deposit

account clients who opened new deposit accounts with CONA. CONA further objects to

Request No. 11 on the grounds that it seeks documents that are neither relevant to any claim or

defense nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in Savings Act

("TISA") notice class. The second purported class is predicated on CONA's alleged failure to

provide notice as required by TISA. CONA has provided substantial information to Plaintiff's

counsel disproving Plaintiff's claim on this issue. CONA's disclosures to new customers other

than Plaintiff are only relevant to the extent they relate to the undeliverable mail fee class.

Therefore, subject to its General and Specific Objections, CONA will produce notices and

disclosures provided to Plaintiff upon transfer of his account to CONA, and notices and

disclosures to new CONA deposit account clients in New Jersey, New York and Connecticut

during the time period identified in the Requests only to the extent such agreements relate to

undeliverable mail fees.

## Request No. 12.

An electronic or machine readable listing of all former and current CONA deposit
account clients who paid at least one Undeliverable Mail Fee that was not refunded, along with
the deposit account client's current or last-known address.

## RESPONSE

In addition to its General Objections, each of which is incorporated herein, CONA

objects to Request No. 12 as premature insofar as no class has been certified with respect to

undeliverable mail fees, so the Request seeks documents that, at this time, are neither relevant to

any claim or defense nor reasonably likely to lead to the discovery of admissible evidence.

### Request No. 13.

Upon certification of a class or classes in this lawsuit, production of the names and current or last-known mailing and e-mail addresses of all class members.

### RESPONSE

In addition to its General Objections, each of which is incorporated herein, CONA

objects to this Request as premature, and fully reserves all rights to respond and object to this

Request upon certification of a class in this litigation, if any.

### Request No. 14.

Documents sufficient to describe CONA's and/or COF's past and present policies, practices and procedures determining when it is appropriate to charge or assess a Not-Sufficient Funds / Overdraft / Uncollected Fee to a deposit account client or their account.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 14 on the grounds that it seeks documents that are neither relevant to any

claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in

Savings Act ("TISA") notice class. The second purported class, to which this Request appears to

relate, is predicated on CONA's alleged failure to provide notice as required by TISA. CONA

has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this

issue. Therefore, CONA's practices and policies relating to the identified fees, other than those

applicable to Plaintiff's individual account, are irrelevant. Subject to its General and Specific

Objections, CONA will produce documents sufficient to show the policies and procedures for the

identified fees that are applicable to Plaintiff's account.

10

**Request No. 15.**

Prior to COF acquiring NFBI, documents sufficient to describe North Fork Bank's and Superior Bank's policies, practices and procedures determining when it is appropriate to charge or assess a Not-Sufficient Funds / Overdraft / Uncollected Fee to a deposit account client or their account.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 15 on the grounds that it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in Savings Act ("TISA") notice class. The second purported class, to which this Request appears to relate, is predicated on CONA's alleged failure to provide notice as required by TISA. CONA has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue. Therefore, North Fork Bank and Superior Bank's practices and policies relating to the identified fees, other than those applicable to Plaintiff's individual account, are irrelevant. Subject to its General and Specific Objections, CONA will produce documents sufficient to show North Fork Bank's policies and procedures for the identified fees that were applicable to Plaintiff's account.

**Request No. 16.**

Documents sufficient to describe the process by which CONA and/or COF, including their computer systems, outside vendors, agents or contractors, identify, verify, charge and/or assess a Not-Sufficient Funds / Overdraft / Uncollected Fee to a deposit account holder or their account.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 16 on the grounds that it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

11

Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in

Savings Act ("TISA") notice class. The second purported class, to which this Request relates, is

predicated on CONA's alleged failure to provide notice as required by TISA. CONA has

provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue.

Therefore, CONA's processes relating to the identified fees, other than those applicable to

Plaintiff's individual account, are irrelevant. Subject to its General and Specific Objections,

CONA will produce the documents it has agreed to produce in response to Request No. 14.

## Request No. 17.

Prior to COF acquiring NFBI, documents sufficient to describe the process by which
North Fork Bank and Superior Bank, including their computer systems, outsider venders, agents
or contractors, identify, verify, charged and/or assessed a Not-Sufficient Funds / Overdraft /
Uncollected Fee to a deposit account clients or their accounts.

## RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 17 on the grounds that it seeks documents that are neither relevant to any

claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in

Savings Act ("TISA") notice class. The second purported class, to which this Request relates, is

predicated on CONA's alleged failure to provide notice as required by TISA. CONA has

provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue.

Therefore, North Fork Bank and Superior Bank's processes relating to the identified fees, other

than those applicable to Plaintiff's individual account, are irrelevant. Subject to its General and

Specific Objections, CONA will produce the documents it has agreed to produce in response to

Request No. 15.

### Request No. 18.

Copies of all notices or disclosures provided by CONA to CONA deposit account clients before completing a transaction at a CONA branch or ATM, that inform the deposit account client that completion of the transaction would overdraw their deposit account, along with documents describing when the notice or disclosure described in this request would be provided.

### RESPONSE

In addition to its General Objections, each of which is incorporated herein, CONA objects to Request No. 18 as vague and ambiguous inasmuch as the phrase "before completing a transaction" contains no temporal restriction and is susceptible to several interpretations (e.g., it could extend to hours or days before the transaction), and CONA therefore cannot determine reasonably the scope of documents being requested. CONA further objects on the grounds that it provides regular deposit account statements to its customers, as well as making information about their deposit account balance available at ATMs and online. This information would, in many circumstances, constitute notice that a particular transaction will result in the customer's account being overdrawn. The Request would therefore require CONA to produce all account statements, ATM receipts and related documents containing this information, and CONA therefore objects to this Request as overly broad and unduly burdensome. CONA further objects to the Request on the grounds that it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in Savings Act ("TISA") notice class. The second purported class, to which this Request relates, is predicated on CONA's alleged failure to provide notice as required by TISA. CONA has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue. Therefore, documents other than those relating to Plaintiff's account are irrelevant.

13

### Request No. 19.

Copies of all notices or disclosures provided by CONA to CONA deposit account clients before completing a transaction at a CONA branch or ATM, that inform the deposit account client that completion of the transaction would result in the imposition of a Not-Sufficient Funds / Overdraft / Uncollected Fee, along with documents describing when the notice or disclosure described in this request would be provided.

### RESPONSE

CONA incorporates its Responses and Objections to Request No. 19 in response to this

Request.

### Request No. 20.

Copies of all notices or disclosures provided by CONA to CONA deposit account clients before attempting to complete a transaction at a CONA branch or ATM, that inform the deposit account client that the transaction could not be completed because the transaction would overdraw the client's deposit account, along with documents describing when the notice or disclosure described in this request would be provided.

### RESPONSE

In addition to its General Objections, each of which is incorporated herein, CONA

objects to Request No. 20 as vague and ambiguous inasmuch as the phrase "before attempting to

complete a transaction" contains no temporal restriction and is susceptible to several

interpretations (e.g., it could extend to hours or days before the transaction), and CONA

therefore cannot determine reasonably the scope of documents being requested. CONA further

objects on the grounds that it provides regular deposit account statements to its customers, as

well as making information about their deposit account balance available at ATMs and online.

This information would, in many circumstances, constitute notice that a particular transaction

cannot be completed. The Request would require CONA to produce all account statements,

ATM receipts and related documents containing this information, and CONA therefore objects to

this Request as overly broad and unduly burdensome. CONA further objects to the Request on

the grounds that it seeks documents that are neither relevant to any claim or defense nor

14

reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in Savings Act ("TISA") notice class. The second purported class, to which this Request relates, is predicated on CONA's alleged failure to provide notice as required by TISA. CONA has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue. Therefore, documents other than those relating to Plaintiff's account are irrelevant.

## Request No. 21.

Copies of all notices or disclosures provided by CONA to CONA deposit account clients after completing a transaction, that informed the deposit account that the transaction resulted in an overdraw their deposit account, along with documents describing when the notice or disclosure described in this request would be provided.

## RESPONSE

In addition to its General Objections, each of which is incorporated herein, CONA objects to Request No. 21 as vague and ambiguous inasmuch as the phrase "after completing a transaction" contains no temporal restriction and is susceptible to several interpretations (e.g., it could extend to hours or days after the transaction), and CONA therefore cannot determine reasonably the scope of documents being requested. CONA further objects on the grounds that it provides regular deposit account statements to its customers, as well as making information about their deposit account balance available at ATMs and online. This information would, in many circumstances, constitute notice that a particular transaction resulted in an overdraft. The Request would require CONA to produce all account statements, ATM receipts and related documents containing this information, and CONA therefore objects to this Request as overly broad and unduly burdensome. CONA further objects to the Request on the grounds that it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an undeliverable

15

mail fee class; and 2) a Truth in Savings Act ("TISA") notice class. The second purported class, to which this Request relates, is predicated on CONA's alleged failure to provide notice as required by TISA. CONA has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue. Therefore, documents other than those relating to Plaintiff's account are irrelevant.

## Request No. 22.

Copies of all notices or disclosures provided by CONA to CONA deposit account clients after completing a transaction, that informed the deposit account client that the transaction resulted in the imposition of a Not-Sufficient Funds / Overdraft / Uncollected Fee, along with documents describing when the notice or disclosure described in this request would be provided.

## RESPONSE

In addition to its General Objections, each of which is incorporated herein, CONA objects to Request No. 22 as vague and ambiguous inasmuch as the phrase "after completing a transaction" contains no temporal restriction and is susceptible to several interpretations (e.g., it could extend to hours or days after the transaction), and CONA therefore cannot determine reasonably the scope of documents being requested. CONA further objects on the grounds that it provides regular deposit account statements to its customers, as well as making information about their deposit account balance available at ATMs and online. This information would, in many circumstances, constitute notice that a particular transaction resulted in imposition of the fees identified. The Request would require CONA to produce all account statements, ATM receipts and related documents containing this information, and CONA therefore objects to this Request as overly broad and unduly burdensome. CONA further objects to the Request on the grounds that it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in Savings Act ("TISA") notice class.

16

The second purported class, to which this Request relates, is predicated on CONA's alleged failure to provide notice as required by TISA. CONA has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue. Therefore, documents other than those relating to Plaintiff's account are irrelevant.

### Request No. 23.

Copies of all notices or disclosures provided by CONA to CONA deposit account clients after attempting to complete a transaction at a CONA branch or ATM, that informed the deposit account client that the transaction could not be completed because the transaction would have overdrawn the client's deposit account, along with documents describing when the notice or disclosure described in this request would be provided.

### RESPONSE

In addition to its General Objections, each of which is incorporated herein, CONA objects to Request No. 23 as vague and ambiguous inasmuch as the phrase "after attempting to complete a transaction" contains no temporal restriction and is susceptible to several interpretations (e.g., it could extend to hours or days after the transaction), and CONA therefore cannot determine reasonably the scope of documents being requested. CONA further objects on the grounds that it provides regular deposit account statements to its customers, as well as making information about their deposit account balance available at ATMs and online. This information would, in many circumstances, constitute notice that a particular transaction could not be completed because it would have overdrawn the customer's account. The Request would require CONA to produce all account statements, ATM receipts and related documents containing this information, and CONA therefore objects to this Request as overly broad and unduly burdensome. CONA further objects to the Request on the grounds that it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in Savings Act ("TISA") notice class. The second purported class,

17

to which this Request relates, is predicated on CONA's alleged failure to provide notice as

required by TISA. CONA has provided substantial information to Plaintiff's counsel disproving

Plaintiff's claim on this issue. Therefore, documents other than those relating to Plaintiff's

account are irrelevant.

## Request No. 24.

All descriptions or explanations of the overdraft policies, protections and policies that
were provided to or made available to North Fork Bank and/or Superior Bank deposit account
clients.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 24 on the grounds that it seeks documents that are neither relevant to any

claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in

Savings Act ("TISA") notice class. The second purported class, to which this Request relates, is

predicated on CONA's alleged failure to provide notice as required by TISA. CONA has

provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue.

Therefore, the descriptions and explanations of overdraft policies provided by North Fork Bank

and Superior Bank to customers other than Plaintiff are irrelevant. CONA further objects to this

Request as overly broad and unduly burdensome insofar as it purports to seek, without limitation,

"all descriptions or explanations" of the references policies. Subject to its General and Specific

Objections, CONA will produce the documents it has agreed to produce in response to Request

Nos. 6 and 9.

## Request No. 25.

All press releases mentioning the overdraft policies, protections and polices made
available to North Fork Bank and/or Superior Bank deposit account clients.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 25 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" press releases "mentioning" the overdraft policies,

protections and polices made available to North Fork Bank and/or Superior Bank deposit account

clients. CONA also objects to this Request on the grounds that Plaintiff has not claimed that he

read, heard or relied on any press release by North Fork Bank or Superior Bank, so the Request

seeks documents that are neither relevant to any claim or defense nor reasonably calculated to

lead to the discovery of admissible evidence. To the extent the Request seeks information

possibly disseminated to the TISA notice class, CONA objects to the Request because it has

provided Plaintiff's counsel with substantial evidence disproving the predicate for the TISA

notice class, so Plaintiff lacks a good faith basis for seeking information relating to that class.

**Request No. 26.**

All marketing materials mentioning the overdraft policies, protections and polices made
available to North Fork Bank and/or Superior Bank deposit account clients.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 26 on the grounds that, as written, it is overly broad, unduly burdensome,

and oppressive insofar as it purports to seek a listing of "all" marketing materials mentioning the

overdraft policies, protections and polices made available to North Fork Bank and/or Superior

Bank deposit account clients. CONA also objects to this Request on the grounds that Plaintiff

has not claimed that he read, heard or relied on any marketing materials from North Fork Bank

or Superior Bank, so the Request seeks documents that are neither relevant to any claim or

defense nor reasonably calculated to lead to the discovery of admissible evidence. To the extent

19

the Request seeks information possibly disseminated to the TISA notice class, CONA objects to

the Request because it has provided Plaintiff's counsel with substantial evidence disproving the

predicate for the TISA notice class, so Plaintiff lacks a good faith basis for seeking information

relating to that class.

## Request No. 27.

All applications, contracts and/or agreements used by North Fork Bank and/or Superior
Bank to provide overdraft protection to deposit account clients.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 27 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" applications, contracts and/or agreements used by

North Fork Bank and/or Superior Bank to provide overdraft protection to deposit account clients.

To the extent the Request seeks documents possibly disseminated to the TISA notice class,

CONA objects to the Request because it has provided Plaintiff's counsel with substantial

evidence disproving the predicate for the TISA notice class, so Plaintiff lacks a good faith basis

for seeking information relating to that class. Subject to and without waiving its General and

Specific Objections, CONA will produce the documents it has agreed to produce in response to

Request Nos. 6 and 9.

## Request No. 28.

All documents drafted by, or on behalf of, North Fork Bank or Superior Bank describing
or explaining the distinction between courtesy or discretionary overdraft protection offered or
provided by North Fork Bank or Superior Bank to deposit account clients and other types of
overdraft protection offered or provided by North Fork Bank or Superior Bank.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 28 on the grounds that, as written, it is overly broad and unduly

20

burdensome insofar as it purports to seek "all" documents drafted by, or on behalf of, North Fork

Bank or Superior Bank describing or explaining the issue described in the Request. To the

extent the Request seeks documents drafted by Superior Bank, CONA objects to the Request

because Plaintiff did not maintain a deposit account with Superior Bank, and therefore the

Request seeks documents that are neither relevant to any claim or defense nor reasonably likely

to lead to the discovery of admissible evidence. Subject to and without waiving its General and

Specific Objections, CONA will search for and produce NFB guidelines, policies or disclosures,

if any, discussing the distinction between courtesy and discretionary overdraft protection.

### Request No. 29.

All documents describing or explaining how deposit account clients could have opted
into or out of any courtesy or discretionary overdraft protection offered or provided by North
Fork Bank or Superior Bank to deposit account clients.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 29 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" documents describing or explaining the issue

described in the Request. To the extent the Request seeks information possibly disseminated to

the TISA notice class, CONA objects to the Request because it has provided Plaintiff's counsel

with substantial evidence disproving the predicate for the TISA notice class, so Plaintiff lacks a

good faith basis for seeking information relating to that class. To the extent the Request seeks

documents drafted by Superior Bank, CONA objects to the Request because Plaintiff did not

maintain a deposit account with Superior Bank, and therefore the Request seeks documents that

are neither relevant to any claim or defense nor reasonably likely to lead to the discovery of

admissible evidence. Subject to and without waiving its General and Specific Objections,

CONA will search for and produce NFB guidelines, policies or disclosures, if any, discussing

how customers could have opted into or out of courtesy or discretionary overdraft protection.

### Request No. 30.

All descriptions or explanations of the overdraft policies, protections and polices that are and were provided to or made available to CONA deposit account clients.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 30 on the grounds that it seeks documents that are neither relevant to any

claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff alleges two purported classes: 1) an undeliverable mail fee class; and 2) a Truth in

Savings Act ("TISA") notice class. The second purported class, to which this Request relates, is

predicated on CONA's alleged failure to provide notice as required by TISA. CONA has

provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue.

Therefore, the descriptions and explanation of overdraft policies provided by CONA to

customers other than Plaintiff are irrelevant. Subject to its General and Specific Objections,

CONA will produce the documents it has agreed to produce in response to Request Nos. 8 and

11.

### Request No. 31.

All press releases mentioning the overdraft policies, protections and policies made available to CONA deposit account clients.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 31 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" press releases "mentioning" the overdraft policies,

protections and polices made available to CONA deposit account clients. CONA also objects to

22

this Request on the grounds that Plaintiff has not claimed that he read, heard or relied on any press release by CONA, so the Request seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. To the extent the Request seeks information possibly disseminated to the TISA notice class, CONA objects to the Request because it has provided Plaintiff's counsel with substantial evidence disproving the predicate for the TISA notice class, so Plaintiff lacks a good faith basis for seeking information relating to that class.

## Request No. 32.

All marketing materials mentioning the overdraft policies, protections and polices made available to CONA deposit account clients.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 32 on the grounds that, as written, it is overly broad, unduly burdensome, and oppressive insofar as it purports to seek a listing of "all" marketing materials mentioning the overdraft policies, protections and polices made available to CONA deposit account clients. CONA also objects to this Request on the grounds that Plaintiff has not claimed that he read, heard or relied on any marketing materials from CONA, so the Request seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. To the extent the Request seeks information possibly disseminated to the TISA notice class, CONA objects to the Request because it has provided Plaintiff's counsel with substantial evidence disproving the predicate for the TISA notice class, so Plaintiff lacks a good faith basis for seeking information relating to that class.

## Request No. 33.

All statements or representations by CONA and/or COF concerning when or under what circumstance they or either of them would provide overdraft protection to deposit account

23

clients.

## RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 33 on the grounds that, as written, it is overly broad, unduly burdensome,

and oppressive insofar as it purports to seek a listing of "all" statements or representations by

CONA and/or COF concerning when or under what circumstance they or either of them would

provide overdraft protection to deposit account clients. CONA further objects to Request No. 33

on the grounds that by seeking statements or representations to individuals other than Plaintiff, it

seeks documents that are neither relevant to any claim or defense nor reasonably calculated to

lead to the discovery of admissible evidence. Subject to and without waiving its General and

Specific Objections, CONA will search for and produce the documents it has agreed to produce

in response to Request Nos. 8 and 11.

## Request No. 34.

All applications, contracts and/or agreements used by CONA and/or COF to provide
overdraft protection to deposit account clients.

## RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 34 on the grounds that, as written, it is overly broad and unduly

burdensome as it purports to seek a listing of "all" applications, contracts and/or agreements used

by CONA and/or COF to provide overdraft protection to deposit account clients. CONA further

objects to Request No. 34 on the grounds that by seeking applications, contracts, or agreements

concerning individuals other than Plaintiff, it seeks documents that are neither relevant to any

claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

24

Subject to its General and Specific Objections, CONA will produce the documents it has agreed

to produce in response to Request Nos. 8 and 11.

### Request No. 35.

All CONA and/or COF documents describing or explaining the distinction between
courtesy or discretionary overdraft protection offered or provided by CONA and/or COF to
deposit account clients and other types of overdraft protection offered or provided by CONA
and/or COF.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 35 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek a listing of "all" CONA and/or COF documents

describing or explaining the distinction between courtesy or discretionary overdraft protection

offered or provided by CONA and/or COF to deposit account clients and other types of overdraft

protection offered or provided by CONA and/or COF. CONA further objects to this Request as

vague and ambiguous as to what constitutes a "CONA and/or COF document[]." Subject to and

without waiving its General and Specific Objections, CONA will search for and produce CONA

guidelines, policies or disclosures, if any, discussing the distinction between courtesy and

discretionary overdraft protection.

### Request No. 36.

All documents describing or explaining how a CONA and/or COF deposit account client
can opt into or out of any courtesy or discretionary overdraft protection offered or provided by
CONA and/or COF to deposit account clients.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 36 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" documents describing or explaining the issue

described in the Request. To the extent the Request seeks information possibly disseminated to the TISA notice class, CONA objects to the Request because it has provided Plaintiff's counsel with substantial evidence disproving the predicate for the TISA notice class, so Plaintiff lacks a good faith basis for seeking information relating to that class. Subject to and without waiving its General and Specific Objections, CONA will search for and produce CONA guidelines, policies or disclosures, if any, discussing how customers could have opted into or out of courtesy or discretionary overdraft protection.

## Request No. 37.

All complaints in whatever form made by deposit account holders, or descriptions of complaints if the actual complaint is not maintained or the complaint was not made in writing, concerning the charge or assessment by Defendants or their predecessors in New York, New Jersey or Connecticut of a Not-Sufficient Funds / Overdraft / Uncollected Fee.

## RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 37 on the grounds that, as written, it is unduly burdensome insofar as it purports to seek "all" complaints in whatever form concerning the fees identified in the Request. CONA also objects to the Request as overly broad insofar as complaints regarding the identified fees may cover a range of issues, including some not relevant or reasonably related to the issues in this litigation. To the extent the Request purports to be relevant to Plaintiff's TISA notice class claims, CONA further objects to the Request because it has provided Plaintiff's counsel with substantial evidence disproving the predicate for the TISA notice class, so Plaintiff lacks a good faith basis for seeking information relating to that class.

## Request No. 38.

Documents or data sufficient to quantify the income generated by COF and/or CONA for each Miscellaneous Account Fee charged or assessed to deposit account clients.

26

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 38 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it seeks documents sufficient to quantify the "income" derived from

"each" Miscellaneous Account Fee charged to deposit account clients of CONA: producing

documents sufficient to quantify the amount of revenue or income from "each" fee literally

would require CONA to produce documents listing each single fee charged by CONA, and

additional documents attributing the amount of income CONA derived from each such fee.

CONA also objects to this Request as vague and ambiguous as to the word "income," insofar as

the Request does not indicate if it seeks documents relating to gross income or net income, and

CONA therefore is not able to determine reasonably the scope of documents being requested.

CONA further objects to this Request to the extent that it seeks information on Miscellaneous

Account Fees other than undeliverable mail fees. Plaintiff's claim concerning Miscellaneous

Account Fees other than undeliverable mail fees, and its Miscellaneous Account Fee class, is

predicated on CONA's alleged failure to provide notice as required by the Truth in Savings Act

("TISA"), and CONA has provided substantial information to Plaintiff's counsel disproving

Plaintiff's claim on this issue. The Request therefore seeks information that is neither relevant to

any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

To the extent Plaintiff seeks this information in relation to his individual claim relating to

Miscellaneous Account Fees, the Request is unduly burdensome and seeks information that is

not relevant to Plaintiff's individual claim and is not likely to lead to the discovery of admissible

evidence regarding Plaintiff's individual claim.

**Request No. 39.**

Documents or data sufficient to quantify the profits generated by COF and/or CONA for each Miscellaneous Account Fee charged or assessed to deposit account clients.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 39 on the grounds that, as written, it is overly broad and unduly burdensome insofar as it seeks documents sufficient to quantify the "profits" derived from "each" Miscellaneous Account Fee charged to deposit account clients of CONA: producing documents sufficient to quantify the amount of profits from "each" fee literally would require CONA to produce documents listing each single fee charged by CONA, other documents listing the expenses for each such fee (to the extent that would even be possible), and additional documents attributing the amount of profits CONA derived from each such fee. CONA also objects to this Request as vague and ambiguous as to the word "profits," insofar as the Request does not indicate what expenses are to be included in the calculation of "profits," and CONA therefore is not able to determine reasonably the scope of documents being requested. CONA further objects to this Request to the extent that it seeks information on Miscellaneous Account Fees other than undeliverable mail fees. Plaintiff's claim concerning Miscellaneous Account Fees other than undeliverable mail fees, and its Miscellaneous Account Fee class, is predicated on CONA's alleged failure to provide notice as required by the Truth in Savings Act ("TISA"), and CONA has provided substantial information to Plaintiff's counsel disproving Plaintiff's claim on this issue. The Request therefore seeks information that is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. To the extent Plaintiff seeks this information in relation to his individual claim relating to Miscellaneous Account Fees, the Request is unduly burdensome and seeks information that is not relevant to

28

Plaintiff's individual claim and is not likely to lead to the discovery of admissible evidence regarding Plaintiff's individual claim.

## Request No. 40.

Copies of all CONA marketing materials describing any CONA deposit account as "free."

## RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 40 on the grounds that, as written, it is overly broad and unduly burdensome insofar as it purports to seek "all" marketing materials describing "any" CONA deposit account as free. CONA also objects to this Request on the grounds that Plaintiff has not claimed that he read, heard or relied on any marketing materials describing a CONA deposit account as free, so the Request seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. To the extent the Request seeks information possibly disseminated to the TISA notice class, CONA objects to the Request because it has provided Plaintiff's counsel with substantial evidence disproving the predicate for the TISA notice class, so Plaintiff lacks a good faith basis for seeking information relating to that class.

## Request No. 41.

Copies of all CONA client disclosures, notices or communications describing any CONA any deposit account as "free."

## RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 41 on the grounds that, as written, it is overly broad and unduly burdensome insofar as it purports to seek "all CONA client disclosures, notices or communications" describing "any" CONA deposit account as free. CONA also objects to this

29

Request on the grounds that Plaintiff has not claimed that he read, heard or relied on any client

disclosures, notices or communications describing a CONA deposit account as free, so the

Request seeks documents that are neither relevant to any claim or defense nor reasonably

calculated to lead to the discovery of admissible evidence. To the extent the Request seeks

information possibly disseminated to the TISA notice class, CONA objects to the Request

because it has provided Plaintiff's counsel with substantial evidence disproving the predicate for

the TISA notice class, so Plaintiff lacks a good faith basis for seeking information relating to that

class.

## Request No. 42.

All correspondence to, from or between CONA and/or COF and any government
legislative body or committee, government agency or regulator, concerning the Truth in Savings
Act, Regulation DD, Regulation AA and/or Regulation E, or any amendments or proposed
amendments to those statutes or regulations.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 42 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it asks CONA to search for and produce "all" correspondence to, from or

between COF, CONA and "any" government legislative body, committee, agency or regulator,

concerning 5 sets of federal laws and regulations, no matter how trivial the correspondence may

have been and regardless of the specific issues addressed in such correspondence. CONA also

objects to this Request on the grounds that it seeks information that is neither relevant to any

claim or defense nor reasonably calculated to lead to the discovery of admissible evidence,

because Plaintiff does not have a good-faith basis to allege a TISA violation. To the extent the

Request seeks correspondence between COF and CONA, CONA objects to the request on the

grounds that it seeks documents that may be subject to a privilege, including the attorney client

privilege.

## Request No. 43.

All communications between or among CONA and COF employees, agents or vendors, concerning the Truth in Savings Act, Regulation DD, Regulation AA and/or Regulation E, or any amendments or proposed amendments to those statutes or regulations.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 43 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it asks CONA to search for and produce "all" communications "between

and among" COF and CONA employees, agents or vendors, concerning 5 sets of federal laws

and regulations, no matter how trivial the communications may have been and regardless of the

specific issues addressed in such correspondence. CONA also objects to this Request on the

grounds that it seeks information that is neither relevant to any claim or defense nor reasonably

calculated to lead to the discovery of admissible evidence, because Plaintiff does not have a

good-faith basis to allege a TISA violation. CONA further objects to the request on the grounds

that it seeks documents that may be subject to a privilege, including the attorney client privilege,

and on the grounds that it is duplicative, at least in part, of Request No. 42.

## Request No. 44.

All communications between or among CONA or COF employees and any third party(ies) concerning the Truth in Savings Act, Regulation DD, Regulation AA and/or Regulation E, or any amendments or proposed amendments to those statutes or regulations.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 44 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it asks CONA to search for and produce "all" communications "between

31

and among" COF and CONA employees and unidentified third-parties, no matter how trivial the

communications may have been and regardless of the specific issues addressed in such

correspondence. CONA also objects to this Request on the grounds that it seeks information that

is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of

admissible evidence, because Plaintiff does not have a good-faith basis to allege a TISA.

violation. CONA further objects to the request on the grounds that it seeks documents that may

be subject to a privilege, including the attorney client privilege, and on the grounds that it is

duplicative, at least in part, of Request Nos. 42 and 43.

## Request No. 45.

All statements made by CONA and/or COF to any government legislative body or
committee, government agency or regulator, concerning the Miscellaneous Account Fees, or any
of them, charged or assessed by CONA or COF to deposit account clients or their accounts.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 45 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it asks CONA to search for and produce "all statements" from COF or

CONA to "any" government legislative body, committee, agency or regulator, concerning

Miscellaneous Account Fees. CONA also objects to this Request on the grounds that it seeks

information that is neither relevant to any claim or defense nor reasonably calculated to lead to

the discovery of admissible evidence, because Plaintiff's class on Miscellaneous Account Fees is

predicated on a lack of TISA notice, which CONA has disproven, so Plaintiff does not have a

good-faith basis to allege a class claim regarding Miscellaneous Account Fees. To the extent

Plaintiff seeks these documents in support of his individual claim, the Request is overly broad

and unduly burdensome and seeks documents that are neither relevant to any claim nor

reasonably likely to lead to the discovery of admissible evidence.

32

**Request No. 46.**

Copies of the results or findings or reports of all audits, examinations or investigations performed by any government legislative body or committee, government agency or regulator of CONA and/or COF concerning CONA's and/or COF's deposit account polices, practices and/or procedures.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 46 on the grounds that, as written, it is overly broad and unduly burdensome insofar as it asks CONA to search for and produce results, findings or reports of "all audits, examinations or investigations" performed by "any" legislative body or committee, government agency or regulator concerning CONA or COF's deposit account policies and practices. CONA also objects to this Request on the grounds that, to the extent it seeks findings or reports on deposit account practices other than those related to undeliverable mail fees, it seeks information that is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, because Plaintiff's class on other deposit account practices is predicated on a lack of TISA notice, which CONA has disproven, so Plaintiff does not have a good-faith basis to allege a class claim for which this information is relevant. To the extent Plaintiff seeks these documents in support of his individual claim, the Request is overly broad and unduly burdensome and seeks documents that are neither relevant to any claim nor reasonably likely to lead to the discovery of admissible evidence. CONA further objects to Request No. 46 on the grounds the Request seeks information available from the public record. Subject to and without waiving its General and Specific Objections, CONA will search for and produce the results, findings or reports of state or federal government agencies, if any, relating to CONA's imposition of undeliverable mail fees on deposit accounts.

### Request No. 47.

Copies of all complaints filed in federal or state court by any current or former North Fork Bank, Superior Bank or CONA deposit account client concerning any Miscellaneous Account Fee charged or assessed by North Fork Bank, Superior Bank, CONA and/or COF.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 47 on the grounds that, as written, it is overly broad, unduly burdensome, and oppressive insofar as it purports to seek the results or findings or reports of "all" complaints filed in federal or state court by any current or former North Fork Bank, Superior Bank or CONA deposit account client concerning any Miscellaneous Account Fee charged or assessed by North Fork Bank, Superior Bank, CONA and/or COF. CONA also objects to the Request on the grounds that it seeks complaints concerning "any" Miscellaneous Account Fee, no matter how similar or dissimilar to the claims at issue in this case, and therefore seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. CONA further objects to the Request on the grounds that it seeks information that is publicly available, and therefore asks CONA to produce information that is equally available to Plaintiff as to CONA.

### Request No. 48.

Documents sufficient to determine the outcome, resolution or adjudication of any complaint produced in response to Request No. 47.

### RESPONSE

CONA incorporates by reference its Objections to Request No. 47. CONA further objects to the Request as vague and ambiguous insofar as it requires CONA to draw legal conclusions as to whether documents would be "sufficient to determine" the outcome of a complaint, if such complaint exists.

34

### Request No. 49.

Organizational charts, directories and other compilations identifying the names and titles of all personnel, at the managerial level and above, responsible for the assessment, imposition or refund of Miscellaneous Account Fees, CONA's and COF's customer service departments or divisions, CONA's and COF's finance departments or divisions, CONA's and COF's information technology departments or divisions, CONA's and COF's quality control departments or divisions and CONA's and COF's regulatory affairs departments or divisions.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 49 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to require CONA to search for and produce "organizational

charts, directories and other compilations" identifying "all" personnel, at the managerial level

and above, in at least six different divisions. CONA further objects to the Request on the

grounds that it seeks information that is neither relevant to any claim or defense nor reasonably

likely to lead to the discovery of admissible evidence.

### Request No. 50.

Relevant portions of all minutes of the Boards of Directors of CONA and COF concerning CONA's and/or COF's policies, practices or procedures relating in any way to i) the Miscellaneous Account Fees, or any of them, charged or assessed to deposit account holders; the Truth in Savings Act, Regulation DD, Regulation AA and/or Regulation E, or any amendments or proposed amendments to those statutes or regulations; iii) this lawsuit; iv) lawsuits filed by other CONA deposit account clients; v) complaints by deposit account clients; vi) audits, examinations or investigations by any government agency or regulator concerning CONA and/or COF's deposit account policies, practices or procedures or Miscellaneous Account Fees; vii) the rebranding of North Fork Bank and Superior Bank; viii) and/or changes in polices, practices, procedures or fees used by North Fork Bank or Superior Bank after the acquisition of NFBI by COF.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 50 on the grounds that, as written, it is overly broad and unduly

burdensome insofar as it purports to seek "all" minutes of COF and CONA's Boards of Directors

concerning 8 different broad subjects. CONA further objects to Request 50 on the grounds that it seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, because (1) Plaintiff has denied that he seeks to hold COF vicariously liable through a veil-piercing theory, see Plaintiff's Opp'n Br. to Defendants' Motion to Dismiss, at 9, and Plaintiff's claims against COF have been dismissed; (2) Plaintiff's class claims regarding Miscellaneous Account Fees other than undeliverable mail fees are predicated on a lack of TISA notice, which has been disproven, so Plaintiff does not have a good faith basis for seeking documents regarding these claims, and (3) documents concerning Superior Bank, other than those relating to undeliverable mail fees, are not relevant to Plaintiff's claims. To the extent Plaintiff seeks these documents in support of his individual claims, the Request is unduly burdensome and seeks documents that are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

### Request No. 51.

Documents sufficient to describe the supervisory, policy, and operational controls and oversight COF maintains over CONA.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA objects to Request No. 51 on the grounds that it seeks information that is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. The documents sought through this Request are relevant only if Plaintiff claims that COF is liable for CONA's conduct. The Court dismissed Plaintiff's claims against COF in their entirety, and so information pertaining to COF's alleged control of CONA is irrelevant to Plaintiff's remaining claims and to Defendants' defenses.

36

### Request No. 52.

Documents sufficient to identify or describe the duties or responsibilities of Richard D. Fairbank, W. Ronald Dietz, Edward Campbell, Patrick Gross, Lewis Hay, Pierre Leroy, Branford Warner, Gary Perlin and Lynn Pike as officers and/or directors of COF and CONA.

### RESPONSE

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 52 on the grounds that it seeks information that is neither relevant to any

claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. The

documents sought through this Request are relevant only if Plaintiff claims that COF is liable for

CONA's conduct. The Court dismissed Plaintiff's claims against COF in their entirety, and so

information pertaining to COF's alleged control of CONA is irrelevant to Plaintiff's remaining

claims and to CONA' defenses.

### Request No. 53.

Documents sufficient to describe or explain the past and present policies and procedures used by CONA and COF for the maintenance, archiving, retention and destruction of deposit account client documents and communications.

### RESPONSE

Subject to its General Objections, CONA will produce non-privileged documents, if any,

sufficient to explain its policies and procedures in effect since January 1, 2006, concerning the

retention and destruction of customer deposit account information.

### Request No. 54.

All documents identified or referred to in any response by CONA and/or COF to an interrogatory served by Plaintiff in this action.

**RESPONSE**

Subject to its General Objections, each of which is incorporated herein, CONA will

produce non-privileged documents, if any, expressly identified or referred to in any response by

CONA to an interrogatory served by Plaintiff in this action.

**Request No. 55.**

All documents COF and/or CONA intend to use or rely upon in support of their defenses
to Plaintiff's claims made in this action.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 55 as premature. Subject to its General and Specific Objections, CONA

will produce nonprivileged documents responsive to this Request within a reasonable time after

such documents are identified.

**Request No. 56.**

All documents COF and/or CONA intend to use or rely upon in support of their defense
or opposition to a motion to certify a class or classes in this action.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 56 as premature inasmuch as no such motion has yet been made, so

CONA is unable to determine reasonably the documents it intends to use or rely on in opposition

to that motion. Moreover, Plaintiff has the burden of proving that the requirements for class

certification are met. Plaintiff's motion for class certification is due on August 30, 2010.

CONA will review that motion and file its response, and will attach to that response any

documents it believes are appropriate and necessary to address the arguments made by Plaintiff.

38

**Request No. 57.**

All operating manuals for each computer or software program or application listed by CONA or COF as responsive to Interrogatories directed by Plaintiff to CONA or COF.

**RESPONSE**

In addition to the General Objections, each of which is incorporated herein, CONA

objects to Request No. 57 on the grounds that, as written, it is vague and ambiguous as to what

constitutes an "operating manual" for purposes of this Request. CONA further objects to

Request No. 57 on the grounds that it seeks information that is neither relevant to any claim or

defense nor reasonably calculated to lead to the discovery of admissible evidence.


Dated: April 16, 2010
        New York, New York


                                **HUNTON & WILLIAMS LLP**

                                Brian V. Otero
                                Ryan A. Becker
                                Hunton & Williams LLP
                                200 Park Avenue, 52nd Fl.
                                New York, NY 10166

                                Neil K. Gilman
                                Hunton & Williams LLP
                                1900 K Street, N.W.
                                Washington, DC 20006

                                Attorneys for Capital One, N.A.

39