

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY  10166-0005

TEL    212 • 309 • 1000
FAX   212 • 309 • 1100

BRIAN V. OTERO
DIRECT DIAL: 212 • 309 • 1020
EMAIL: botero@hunton.com

FILE NO: 67519.209

June 2, 2010

**Via ECF and Overnight Mail**

A. Kathleen Tomlinson, USMJ
United States District Court
Eastern District of New York
100 Central Plaza
Central Islip, New York  11722-9014

Re:   Gunther v. Capital One, N.A.
       Civil Action No. 09-cv-2966(ADS)(AKT)

Dear Judge Tomlinson:

     This firm represents Defendant Capital One, N.A. ("CONA") in the matter in caption.  I write in response to Plaintiff counsel's May 27 letter motion to compel the 30(b)(6) deposition of a CONA representative.  In sum, CONA agrees to produce a witness for deposition on six of the eleven topics listed in Plaintiff's notice of deposition.  The remaining topics are irrelevant, and overly broad and unduly burdensome in light of Plaintiff's remaining claims, and CONA should not be required to produce a witness for deposition on those topics.

**Procedural History**

     CONA incorporates by reference the procedural history from its response to Plaintiff's motion to compel responses to interrogatories, filed simultaneously herewith.  I add here some additional context with respect to Plaintiff's deposition notices.  Plaintiff served his 30(b)(1) and 30(b)(6) deposition notices on May 3.  Plaintiff fails to mention to the Court that the first deposition was noticed to occur on May 10, with the 30(b)(6) deposition noticed to occur on May 17.  In light of ongoing settlement negotiations, the parties had an understanding that the depositions would not be going forward on the dates noticed, but if negotiations broke down, that the depositions would occur on a date agreed to by the parties.  Plaintiff has not attempted to reschedule any of the depositions, even after settlement negotiations reached an impasse last week, but instead filed this motion to compel.



A. Kathleen Tomlinson, USMJ
June 2, 2010
Page 2

**Deposition Topics**

CONA will make a 30(b)(6) witness available for deposition as soon as practicable, at a date and time to be agreed by the parties, on six of the eleven deposition topics identified by Plaintiff. Plaintiff's motion to compel with respect to the five remaining topics should be denied for the following reasons:

Topic No. 1

Plaintiff here seeks testimony on Plaintiff's own communications with CONA employees. Setting aside the fact that Plaintiff himself participated in these communications, and therefore would be in the best position to have information regarding them, Plaintiff has also noticed the 30(b)(1) depositions of the four CONA employees whom Plaintiff identified as having communicated with him regarding the claims at issue. In light of Plaintiff's participation in the communications about which he seeks testimony, and the fact that he has already noticed the depositions of four other CONA employees on this issue, this topic is duplicative, overly broad and unduly burdensome, and Plaintiff's motion should be denied.

Topic No. 7

This topic relates to CONA's alleged marketing of its checking accounts as "free." Plaintiff's motion should be denied because this testimony is irrelevant to the remaining claims at issue and not likely to lead to the discovery of admissible evidence. Plaintiff does not claim that he saw, read or relied on any of CONA's marketing materials in opening or using his deposit account. With respect to the UMF class, Plaintiff's claim is based not on the theory that the fee was unfair and deceptive because of CONA's marketing of the account, but that it was unfair and deceptive (and breached the deposit agreement) as implemented by CONA (e.g., to charge the fee when the mail allegedly was deliverable). Plaintiff's motion with respect to this topic should be denied.

Topic No. 9

Plaintiff here seeks testimony on changes to CONA's policies and procedures in response to a non-binding report of the FDIC published in 2005. Plaintiff fails to identify any reason this testimony is relevant to his claims, nor can he, for the FDIC report was published over two years before Plaintiff was charged any overdraft fees. But aside of the timing problem, this topic is not relevant to Plaintiff's overdraft claim, which focuses on whether CONA's policies and procedures breached Plaintiff's deposit agreement or were unfair. The subject of that inquiry is CONA's policies and procedures at the time the fee was imposed, not how those policies might



A. Kathleen Tomlinson, USMJ
June 2, 2010
Page 3

have differed from previous policies and procedures that were inapplicable to Plaintiff's account. Plaintiff's motion with respect to this topic should be denied.

Topic No. 10

CONA is unable reasonably to identify the testimony sought here because this topic description is vague and ambiguous. It is unclear, for example, if Plaintiffs seek technical testimony on CONA's software applications (such as coding and the interface with other systems), or information on the parameters for the imposition of various fees. But regardless of the technical questions, CONA has already agreed (in response to Topic Nos. 3 and 5) to provide testimony on its procedures for imposing undeliverable mail and not-sufficient-fund fees. In light of CONA's agreement with respect to Topic Nos. 3 and 5, Plaintiff's motion on this topic should be denied as unduly burdensome and duplicative.

Topic No. 11

This topic description is vague and unintelligible insofar as it seeks "CONA document retention and destruction policies and procedures re: documents related to...," so CONA is unable reasonably to identify the testimony Plaintiff seeks. In addition, CONA has already agreed to describe its document retention policies with respect to customer mail returned as undeliverable. In the remainder of this topic Plaintiff seeks CONA's document retention policies relating to various records. But Plaintiff gives no reason that the records themselves are relevant, much less that the retention policies are relevant to any issues in this case. Plaintiff's motion with respect to this topic should be denied on the grounds that the testimony is irrelevant and unduly burdensome.

Respectfully yours,

Brian V. Otero

cc:     Counsel of Record (via ECF)