EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ERIC GUNTHER, individually and on
behalf of all others similarly situated,

                Plaintiff,

          - against –

CAPITAL ONE, N.A., d/b/a CAPITAL ONE
BANK,

                Defendant.
-------------------------------------------------------------- X

No. 09-2966-ADS-AKT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 20 2010   ★

LONG ISLAND OFFICE

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS SETTLEMENT

The parties to the above-captioned action have submitted a Joint Motion for entry of an Order determining certain matters in connection with the proposed Settlement of this class action, pursuant to the terms of the Settlement Agreement reached by the parties and presented to the Court for approval (hereinafter, the "Settlement Agreement"). After consideration of the Settlement Agreement, the Motion for Preliminary Approval and exhibits annexed thereto, the Settling Parties' Memoranda of Law in Support of their Motion for Preliminary Approval and after due deliberation and consideration of the totality of the circumstances and the record, the Court, finding that it has jurisdiction over this Action and each of the parties, and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES as follows:

    1.    **Defined Terms:** This Court adopts the defined terms set forth in Paragraph 19 of the Settlement Agreement for purposes of this Order, unless otherwise specified herein.

2. **Preliminary Approval of Settlement**: The terms of the Settlement Agreement are **preliminarily approved**, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the proposed Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the circulation of the Notice Package to the Settlement Class, each as provided for in this Order.

3. **Conditional Certification for Settlement Purposes**: For purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Settlement Class is conditionally certified as follows:

> All depositors of North Fork Bank ("NFB"), Superior Savings of New England, N.A. ("SSNE") or CONA in the states of New Jersey, New York and Connecticut who were charged an undeliverable mail fee by any of those entities during the period January 1, 2007 through November 20, 2009, which undeliverable mail fee(s) has/have not been refunded.

Plaintiff Eric Gunther is conditionally certified as representative of the Settlement Class defined above, and the firms of Whalen & Tusa, P.C. and Scott + Scott LLP are appointed as Class Counsel. This conditional certification of the Settlement Class and Class Representative, and appointment of Class Counsel, is solely for purposes of effectuating the proposed Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the Joint Motion and supporting materials, the Court conditionally finds that the proposed Settlement Class satisfies Rule 23(a) of the Federal Rules of Civil Procedure in that:

a. The Settlement Class, which consists of thousands of individuals, is so numerous that joinder of all persons who fall within the Settlement Class definition is impracticable;

b. The commonality requirement is satisfied where members of the Settlement Class share at least one common legal or factual issue. Here, there are questions of law and fact common to the Settlement Class relating to CONA's assessment of Undeliverable Mail Fees on Settlement Class Members;

c. The claims of the Class Representative are typical of the claims of the Settlement Class; and

d. The Class Representative will fairly and adequately protect the interests of the Settlement Class and is represented by Class Counsel who are qualified counsel with experience in complex class action litigation and are competent to represent the Settlement Class.

The Court further conditionally finds that the proposed Settlement Class satisfies Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation. Amchem Prods. Inc. v. Windsor, 521 U.S. 591 (1997).

4. **Fairness Hearing**: A Fairness Hearing shall take place before the undersigned, The Honorable Arthur D. Spatt, at __9:00 a.m__, on __September 28__, 2010 to determine:

a. whether the requirements of Fed. R. Civ. P. 23 have been satisfied;

b. whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

c. whether the Released Claims of Plaintiff and the Settlement Class Members in this Lawsuit should be dismissed on the merits and with prejudice;

d. whether the application for attorneys' fees, costs, expenses, and class representative incentive award agreed by the Settling Parties and submitted by Class Counsel should be approved; and

e. such other matters as the Court may deem necessary or appropriate.

The date and time of the Fairness Hearing shall be set forth in the Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court.

5. **Approval with Modifications**: The Court may finally approve the proposed Settlement Agreement at or after the Fairness Hearing with any modifications agreed to by CONA, Class Counsel and the Class Representative and without further notice to the Settlement Class.

6. **Right to Appear and Object**: Any putative Settlement Class Member who has not timely and properly provided notice of an election to opt out of the Settlement Class and the proposed Settlement in the manner set forth below may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matter to be considered at the hearing, provided, however, that no putative Settlement Class Member who has elected to opt out from the Settlement shall be entitled to object; and provided further that no person shall be heard, and no papers, briefs or other

submissions shall be considered by the Court in connection with its consideration of those matters, unless such person complies with the following:

  a. Any Settlement Class Member objection must be filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set out in the Notice, no later than thirty (30) calendar days before the Fairness Hearing. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

  b. If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense and the attorney must file a written notice of appearance with the Clerk of Court no later than thirty (30) calendar days before the Fairness Hearing, identifying by name and current residence address the Settlement Class Member(s) on whose behalf he or she will appear. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Settlement Agreement unless an objection signed by the Settlement Class Member is also filed and served at least thirty (30) calendar days before the Fairness Hearing.

  c. Any objection regarding or related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Eric Gunther v. Capital One, N.A., d/b/a Capital One Bank*, Civil Action No. 09-cv-2966" and shall also contain the following information: (a) the objecting party's full name, CONA account number, address, and telephone number and the original signature of the individual objecting; (b) if the objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear; (c) a certification that the objecting party is a member of the Settlement Class; (d) a statement of each objection asserted; (e) a detailed description of the facts underlying each such objection; (f) a detailed description of the legal authorities, if any,

supporting each such objection; (g) any exhibits and/or affidavits the objecting party may wish to offer in support of any objection or in opposition to the proposed settlement; and (h) if the objecting party is being represented by an attorney or attorneys in connection with the objection, the signature of each of the objecting party's attorneys below a statement that "No other attorney has a financial interest, either directly or indirectly, in the representation of this objecting party."

  d. No Settlement Class Member shall be heard, no papers, briefs, or pleadings submitted by any such Settlement Class Member shall be received and considered by the Court, and no testimony of witnesses offered by the Settlement Class Member shall be allowed at the Fairness Hearing, unless the Court, Joseph S. Tusa of Whalen & Tusa, P.C. and Joseph P. Guglielmo of Scott + Scott LLP (as counsel for Plaintiff and as Class Counsel), and Brian V. Otero (as counsel for CONA) receive the Settlement Class Member's written and signed objection at least thirty (30) calendar days before the Fairness Hearing, that objection deadline being **August 30**, 2010. Settlement Class Members who fail to submit objections in strict compliance with the foregoing procedures and by the established deadline shall be deemed to have waived all objections to the Settlement Agreement and Settlement, shall be deemed to have consented to the exercise of jurisdiction by the Court over all aspects of this Settlement Agreement, and shall forever be barred from making any objections in this Lawsuit or in any other action or proceeding to the Settlement Agreement, Notice Package and means of distribution thereof, and settlement process established by this Settlement Agreement.

  7. **Notice.** The Notice Package comprising the Notice of Class Action Settlement and Proof of Claim Form and Certification, substantially in the form of Exhibits C and D to the Settlement Agreement, is hereby approved. The costs of providing notice and the fees and costs of the Settlement Administrator shall be paid by CONA as set forth in the Settlement Agreement, and the Notice Package shall be sent no later than 30 days after the entry of this Order, as set

forth in the Settlement Agreement. The deadline for Settlement Class Members who do not timely opt of the Settlement to submit a claim form to receive a distribution of settlement monies as provided in the Settlement Agreement shall be 60 days from the initial mailing of the Notice Package by the Settlement Administrator (the "Claims Period").

The Court finds that the form and method of providing notice, which includes mailing the notice by first class mail to each Settlement Class Member at his or her last known address (as updated by the National Change of Address Database), searching for updated address for any notices returned as undeliverable, placing the notice on the Settlement Administrator's website, and having the Settling Parties or Settlement Administrator issue the notice as a press release, is the best practicable notice under the circumstances and, if carried out in conformity with this Order, shall constitute due and sufficient notice of the Settlement Agreement under Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution. CONA is directed to provide to the Settlement Administrator and Class Counsel the list of Settlement Class Members, as provided in Paragraph 22 of the Settlement Agreement.

8. **<u>Ability of Class Members to Opt Out</u>**. All putative Settlement Class Members who wish to opt out of or be excluded from the Settlement Class must do so by sending a written request for exclusion to the Settlement Administrator by first-class mail as outlined in the Notice Package, signed by the putative Settlement Class Member, and providing all required information. To be considered timely, and thereby effectively exclude a person from the Settlement Class, the envelope delivering a completed opt out request must be postmarked received no later than 30 calendar days before the Fairness Hearing (the "Opt Out Deadline"), that Opt Out Deadline being *August 30*, 2010. At the Fairness Hearing, Class Counsel and Defense Counsel shall file an Affidavit or Declaration from the Settlement Administrator attaching a final list of all opt out requests filed by the Opt Out Deadline.

Any putative Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be included in such Settlement Class and, if the proposed Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such person shall have objected to the Settlement.

9. **Administration of Settlement**: The Court approves the parties' joint proposal that Rust Consulting, Inc., be the Settlement Administrator to administer the Settlement established by the Settlement Agreement. The Settlement Administrator shall comply will all terms of this Preliminary Approval Order.

10. **Settlement Website**: As soon as practicable after entry of this Order, but no later than the time that the notice is mailed, the Settlement Administrator shall cause the establishment of a website, which website shall include a copy of the operative Complaint in this action, the Court-approved Notice, the Proof of Claim Form and the Settlement Agreement. The Settlement Administrator shall also obtain or establish a toll-free telephone number to address queries from members of the Settlement Class.

11. **Appearance by Settlement Class Member**. Any Settlement Class Member may enter an appearance in this litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

12. **No discovery of settlement materials**. No discovery with regard to the proposed Settlement or the Settlement Agreement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery.

13. **Discovery and Other Litigation Activity.** All discovery and other litigation activity in this Lawsuit is hereby stayed pending a decision on Final Approval of the Settlement Agreement.

14. **No Admission.** Neither the Settlement nor the Settlement Agreement shall constitute an admission, concession, or indication of the validity of any claims or defenses in the Lawsuit, or of any wrongdoing, liability or violation by CONA, which vigorously denies all of the claims and allegations raised in the Lawsuit.

15. **Filings in Support of Settlement**: Any pleadings or memoranda in support of the Settlement, Settlement Agreement and Class Counsel's request for the payment of attorneys' fees and reimbursement of expenses shall be filed by the Settling Parties or their counsel with the Court no later than 10 business days prior to the Fairness Hearing, that deadline being September 17, 2010.

It is so ORDERED.

Date: 7/20/10

ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE

**MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT VIA FACSIMILE.**