

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

ERIC GUNTHER, individually and on
behalf of all others similarly situated,          :

                                                  :

                    Plaintiff,                    :

                                                  :

                  - against –                     :          No. 09-2966-ADS-AKT

                                                  :

CAPITAL ONE, N.A., d/b/a CAPITAL ONE              :
BANK,                                             :

                                                  :

                    Defendant.                    :

-------------------------------------------------------------- :

                                                  X

## ~~[PROPOSED]~~ FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT

The Court has (1) reviewed and considered the terms and conditions of the proposed

Settlement as set forth in the Settlement Agreement dated July 2, 2010 ("Original Settlement

Agreement") and the Amended Settlement Agreement dated September 15, 2010 ("Amended

Settlement Agreement"); (2) reviewed and considered the papers filed by Plaintiff and CONA

(collectively, the "Settling Parties") in support of the Settlement; (3) considered the application

of Class Counsel for an award of attorneys' fees, costs, expenses, and a class representative

incentive award for the named Plaintiff; (4) held a Fairness Hearing after being satisfied that

notice to the Settlement Class has been provided in accordance with the Court's Orders Granting

Preliminary Approval to Proposed Amended Class Settlement entered July 20, 2010 and

September 24, 2010 (the "Preliminary Approval Orders"); (5) taken into account any objections

submitted prior to the Fairness Hearing in accordance with the Preliminary Approval Orders, and

the presentations and other proceedings at the Fairness Hearing; and (6) considered the

Settlement in the context of all prior proceedings had in this litigation. Accordingly, the Court

enters the following FINDINGS and CONCLUSIONS:

A.      Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Amended Settlement Agreement.

B.      The Court has subject matter jurisdiction over this Lawsuit and all acts within this Lawsuit, and over all the parties to this Lawsuit, including all members of the Settlement Class.

C.      The Settlement Class conditionally certified in the Preliminary Approval Orders has been appropriately certified for settlement purposes.   Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and satisfied all other criteria for class certification, save manageability which factor need not be considered, set forth in Fed. R. Civ. P. 23(a) and (b)(3).

D.      The notice to putative Settlement Class Members was comprised of individual mailed notice to all Settlement Class Members, the posting of the notice on the Settlement Administrator's website, and the issuance of the notice as a press release by the Settlement Administrator or the Settling Parties.  The Court finds that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Settlement Class Members of the pendency of the Lawsuit, and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

E.      The Court has held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement; has been advised of all objections to the Settlement; and has given fair consideration to such objections.

F.     The Settlement is the product of good faith, arm's length negotiations between the Class Representative and Class Counsel, Joseph S. Tusa and Joseph P. Guglielmo, on the one hand, and CONA and its counsel, on the other hand.

G.     The Settlement, as provided for in the Amended Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court considered a number of factors, including:   (i) an assessment of the likelihood that the Settlement Class would prevail at trial; (ii) the range of possible recoveries available to the Settlement Class Members, including CONA's defenses; (iii) the consideration provided pursuant to the Settlement, as compared to the range of possible recovery taking into consideration the inherent risk of litigation, including the risk of maintaining a class through trial; (iv) the complexity, duration, and expense of such litigation in the absence of a settlement; (v) the nature and extent of any objections to the Settlement; and (vi) the stage of the proceedings at which the Settlement was reached. *See, e.g., City of Detroit v. Grinnell*, 495 F.2d 448, 463 (2d Cir. 1974).

H.     The Court takes notice that no Settlement Class Member has submitted an objection the to the Settlement.

I.     A list of those putative Settlement Class Members who have timely elected to opt out of the Settlement and the Settlement Class, and who are therefore not bound by the Settlement, the provisions of the Amended Settlement Agreement, this Order and the Final Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court in the Declaration of Robin Niemiec, filed in advance of the Fairness Hearing.  All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Amended Settlement Agreement, this Order, and Final Judgment to be entered by

3

the Clerk of the Court.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

### Certification of Class and Approval of Settlement

1.      The Settlement and the Amended Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied.  The parties are ordered and directed to comply with the terms and provisions of the Amended Settlement Agreement, as modified by Paragraph 5, *infra*, without further order of this Court.

2.      The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Settlement Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> All depositors of North Fork Bank ("NFB"), Superior Savings of New England, N.A. ("SSNE") or CONA in the states of New Jersey, New York and Connecticut who were charged an undeliverable mail fee by any of those entities during the period January 1, 2007 through November 20, 2009, which undeliverable mail fee(s) has/have not been refunded.

The putative Settlement Class Members identified on the list submitted to the Court as having timely and properly elected to opt out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Amended Settlement Agreement and shall not be subject to the Release provided in the Amended Settlement Agreement.   The Court readopts and incorporates herein by reference its conclusions in the Preliminary Approval Orders as to the

4

satisfaction of Rules 23(a) and (b)(3) and finds that because this certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

3.      Plaintiff is certified as representative of the Settlement Class and Class Counsel, Joseph S. Tusa and Joseph P. Guglielmo, are appointed counsel to the Settlement Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class with respect to the Settlement and the Amended Settlement Agreement and satisfied all other criteria for class certification, save manageability which factor need not be considered, set forth in Fed. R. Civ. P. 23(a) and (b)(3).

4.      Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order and Judgment is reversed on appeal or the Amended Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order and Judgment without prejudice to any legal argument that any of the parties to the Amended Settlement Agreement might have asserted but for the Settlement Agreement.

<u>Rulings with Respect to Certain Categories of Claims</u>

5.      Claim Forms submitted by Settlement Class Members to the Settlement Administrator shall be paid in the manner and in the amounts set forth in the Amended Settlement Agreement, except as follows:

a.     For a Settlement Class Member who timely submitted a claim for UMFs that was within five UMFs of the number of UMFs actually charged to the deposit account according to CONA's records as provided to Class Counsel on September 23, 2010, the Settlement Class Member shall be paid for the number of UMFs claimed by the Settlement Class Member.  For a Settlement Class Member with more than one deposit account subject to the Amended Settlement Agreement, the number of UMFs from all of that Settlement Class Member's eligible deposit accounts shall be aggregated for purposes of the comparison, even if they did not submit separate Claims Form for each account, and such Settlement Class Member shall be paid for the number of UMFs they claimed if their aggregated total falls within five UMFs of the number of UMFs actually charged to the deposit accounts according to CONA's records as provided to Class Counsel on September 23, 2010.

b.     For a Settlement Class Member who timely submitted a claim for 35 or fewer UMFs, but whose claim does not fall within the five-UMF-exception described in Paragraph 5(a), the Settlement Class Member shall be paid for the number of UMFs charged to the Settlement Class Member's account(s) according to CONA's records as provided to Class Counsel on September 23, 2010.  The Settlement Administrator shall notify each Settlement Class Member in writing of the reduction in the number of UMFs to be paid in accordance with this subparagraph 5(b) as ordered by the Court.

c.     For a Settlement Class Member who submitted a claim for more than 35 UMFs for any single deposit account, the claim of such Settlement Class Member

6

shall be rejected in its entirety and CONA shall not be obligated to make any payment thereon; provided that, for any Settlement Class Member who was charged or assessed 31-35 UMFs according to CONA's records, and who submitted a claim that is within the five UMF exception described above in Paragraph 5(a), such Settlement Class Member shall be paid for the number of UMFs charged or assessed to the Settlement Class Member's account according to CONA's records as provided to Class counsel on September 23, 2010, even if the Settlement Class Member's claim is for more than 35 UMFs. Settlement Class Members whose claims are reduced or rejected in accordance with this subparagraph 5(c) shall be notified in writing by the Settlement Administrator of such reduction or rejection as ordered by the Court.

<u>Release and Injunctions Against Released Claims</u>

6.      Plaintiff hereby releases, remises, and forever discharges all actual and potential claims, actions, rights of recovery, and causes of action of any kind, whether for damages or restitution, of any kind and in any amount, including but not limited to punitive damages, special damages, speculative damages, statutory damages, mental anguish, emotional distress, exemplary damages, consequential damages, costs, attorneys' fees, penalties, fines, injunctive or other equitable relief, or any other relief, remedy, or right of action of any kind or nature, and whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated as to any Released Person, relating in any way to his deposit agreements with CONA.

7.      Settlement Class Members hereby release, remise and forever discharge all actual and potential claims, actions, rights of recovery, and causes of action of any kind, whether for

7

damages or restitution, of any kind and in any amount, including but not limited to punitive damages, special damages, speculative damages, statutory damages, mental anguish, emotional distress, exemplary damages, consequential damages, costs, attorneys' fees, penalties, fines, injunctive or other equitable relief, or any other relief, remedy, or right of action of any kind or nature, and whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated as to any Released Person, relating in any way to the imposition, charging or assessment of Undeliverable Mail Fees by CONA during the Settlement Class Period.  Except for claims pertaining to Undeliverable Mail Fees imposed, charged or assessed by CONA during the Settlement Class Period, no Settlement Class Member is releasing any other claims as a result of the Settlement or this Order and Judgment.

8.      CONA hereby releases, remises and forever discharges as to any Released Person all actual and potential claims, actions, rights of recovery, and causes of action of any kind, whether for damages or restitution, of any kind and in any amount, including but not limited to punitive damages, special damages, speculative damages, statutory damages, mental anguish, emotional distress, exemplary damages, consequential damages, costs, attorneys' fees, penalties, fines, injunctive or other equitable relief, or any other relief, remedy, or right of action of any kind or nature, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, and occurrences that were directly alleged, asserted, described, set forth, or referred to in the Lawsuit.

9.      The Settlement Class Members are permanently enjoined from filing,

8

commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims.

<u>Applications for Attorneys' Fees, Costs, and Expenses and
Representative Plaintiff Incentive Award</u>

10.     The Court has reviewed the application for an award of fees, costs, and expenses submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application.  The Court recognizes that CONA has not opposed the application for class representative incentive award of $7,500.00 to be paid by CONA and an award of attorneys' fees and costs to Class Counsel of $750,000.00 to be paid by CONA.  This agreement is in addition to the other relief to be provided to Settlement Class Members under the Amended Settlement Agreement.  On the basis of its review of the foregoing, the Court finds that Class Counsel's request for attorneys' fees and expenses is fair, reasonable, and appropriate and hereby awards fees and expenses to Class Counsel in the aggregate amount of $750,000.00 to be apportioned in a manner determined by Class Counsel and an incentive award to Plaintiff in the amount of $7,500.00, to be paid by CONA in accordance with the terms of the Amended Settlement Agreement.

<u>Other Provisions</u>

11.     Neither the Amended Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiff, any Settlement Class Member, CONA, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Lawsuit are or are not

meritorious, and this Order and Judgment, the Amended Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Amended Settlement Agreement, this Order, and the Final Judgment to be entered thereon may be filed in any action by CONA or Settlement Class Members seeking to enforce the Amended Settlement Agreement or the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata,* collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Amended Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order and Judgment that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order and Judgment.

12.  In the event the Amended Settlement Agreement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Amended Settlement Agreement, then this Order and the Final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

<u>Entry of Judgment; Continuing Jurisdiction</u>

13.  The Clerk of the Court is directed to enter this Order and Judgment as the Final Judgment dismissing all Released Claims with prejudice as to CONA.

14.  Without in any way affecting the finality of this Order and Judgment, this Court

10

hereby retains jurisdiction and ancillary jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Amended Settlement Agreement and (b) the enforcement of the Amended Settlement Agreement and injunctions described in Paragraph 9 of this Order and Judgment.

It is so ORDERED and ADJUDGED.

Date: _____12/14/10_____          _____
                                       ARTHUR D. SPATT
                                       UNITED STATES DISTRICT JUDGE

11